701 So.2d 1192 (1997)
Harry A. GAINES, Appellant,
v.
AMERISURE INSURANCE COMPANY, Appellee.
Nos. 97-2841, 96-2775.
District Court of Appeal of Florida, Third District.
November 5, 1997.
Rehearing Denied December 17, 1997.
George V. Lanza, Coral Gables, and Jeanne Heyward, Miami, for appellant.
Heinrich Gordon Hargrove Weihe & James, Gilbert E. Theissen, Fort Lauderdale, for appellee.
Before SCHWARTZ, C.J., and NESBITT and GERSTEN, JJ.
NESBITT, Judge.
Harry A. Gaines, plaintiff below, prevailed against his insurer, Amerisure Insurance *1193 Company (Amerisure) in a personal injury action arising on an uninsured motorist claim. He now challenges the jury award, alleging it was inadequate as a matter of law because although the jury found that he had sustained permanent injury, it awarded him nothing for past pain and suffering damages. Because there is undisputed evidence in the record that Gaines suffered some physical impairment and aggravation of his preexisting shoulder injury as a result of the accident[1], we agree that the verdict as to past pain and suffering damages is inadequate and reverse for a new trial on that issue only. As there is no complaint about the adequacy of the jury's awards as to future economic (medical) damages and future pain and suffering damages, those awards shall not be retried. If the same trial judge who presided over the original trial is available, that judge may entertain a motion for additur, as an alternative approach to satisfying the award of a new trial.
We reject Gaines's other point on appeal, which was that Amerisure's trial counsel made improper comments during closing argument. With the exception of one objection by Gaines early in Amerisure's closing, which was sustained, Gaines failed to object to any of the comments he now seeks to challenge. Thus, Gaines did not preserve the issue for appeal. In any case, we find that defense counsel's comments were not so prejudicial and inflammatory as to constitute fundamental error. See Hagan v. Sun Bank of Mid-Florida, N.A., 666 So.2d 580, 587 (Fla. 2d DCA 1996); Metropolitan Dade County v. Dillon, 305 So.2d 36, 40 (Fla. 3d DCA 1974).
Because we reverse for a new trial on the issue of past pain and suffering damages, the appeal assessing attorney fees against Gaines is likewise reversed.
For the foregoing reasons, the judgment under review is affirmed in part, reversed in part, and remanded for a new trial on the sole issue of past pain and suffering.
NOTES
[1] It seems clear in the record that Gaines's preexisting shoulder problems were exacerbated by the accident and that at least some of Gaines's current shoulder problems were caused by the accidenti.e., there was testimony that Gaines was no longer able to do push-ups. Further, there was expert testimony that the injury incurred in the accident accelerated the arthritic degeneration of Gaines's shoulder.