PER CURIAM.
The defendant, Wal-Mart Stores, Inc., appeals from the denial of its motion for a new trial based upon the allegedly improper comments made by plaintiff’s counsel during closing argument. We affirm.
A review of the record shows that defense counsel failed to object to the majority of the allegedly improper comments, thereby not preserving them for appellate review. Gaines v. Amerisure Ins. Co., 701 So.2d 1192, 1193 (Fla. 3d DCA 1997); Sears Roebuck & Co. v. Jackson, 433 So.2d 1319, 1322 (Fla. 3d DCA 1983). Further, the remarks were not so prejudicial or inflammatory as to consti *152 tute fundamental error. Gaines, 701 So.2d at 1193; Jackson, 433 So.2d at 1322. As to those comments that defense counsel did object, we find that the trial court properly sustained the objections when necessary and properly gave curative instructions when necessary that obviated the harm. Sanchez v. Bengochea, 573 So.2d 992, 993 (Fla. 3d DCA 1991). On this basis, we find that the trial court, from its superior vantage point, did not abuse its discretion in denying the defendant’s motion for a new trial.
The remaining points raised on appeal lack merit.
Accordingly, we affirm.