842 So.2d 1031 (2003)
ALLSTATE INSURANCE COMPANY, INC., Appellant/Cross-Appellee,
v.
Samuel CAMPBELL and Margaret Campbell, Appellees/Cross-Appellants.
No. 2D01-4618.
District Court of Appeal of Florida, Second District.
April 23, 2003.
*1032 Robert D. Grode, II, and Sidney M. Crawford, of Sidney M. Crawford, P.A., Lakeland, for Appellant/Cross-Appellee.
Michael V. Laurato, of Austin & Laurato, Tampa, and Raymond T. Elligett, Jr., and Amy S. Farrior, of Schropp, Buell & Elligett, P.A., Tampa, for Appellees/Cross-Appellants.
DAVIS, Judge.
Allstate Insurance Company, Inc., challenges the final judgment finding in favor of Samuel Campbell and Margaret Campbell and awarding each of them separate damage amounts for injuries they suffered in a motor vehicle accident. The Campbells' claims were based on an underinsured motorist policy issued to them by Allstate. Allstate argues that the trial court erred in refusing to offset the Campbells' individual jury verdicts by the amount of the recovery each of them received from the tortfeasor. The Campbells cross-appeal the judgment, arguing that the verdicts were inadequate as the jury's failure to award any noneconomic damages was contrary to the evidence presented at trial. Because we agree with both parties, we reverse the final judgment and the damages awards and remand *1033 for a new trial on past noneconomic damages.
The Campbells were involved in an accident in which Todd Bosselman negligently ran a red light and struck the Campbells' vehicle. Bosselman's liability coverage was limited to $10,000 per person and $20,000 per accident. After both Mr. and Mrs. Campbell settled with Bosselman's carrier for policy limits, they each proceeded to trial against Allstate on the underinsured motorist policy, requesting both economic and noneconomic damages. Prior to trial, the parties agreed that the trial court would credit personal injury protection benefits and automobile medical payment benefits against the verdict posttrial. The trial court granted the Campbells' pretrial motion in limine to preclude admission of the Bosselman settlement.
At trial, the Campbells presented evidence that each had suffered permanent injuries, that each had experienced pain and inconvenience, and that each had incurred hospital and other medical expenses. The trial court instructed the jury regarding both economic and noneconomic damages. Separate verdict forms for each of the Campbells were submitted to the jury. Each verdict form asked the jury to make specific findings as to the damages to be awarded for past and future economic damages (medical expenses and lost earnings), past and future noneconomic damages (pain and suffering), and past and future loss of consortium.
During closing argument, the Campbells' attorney invited the jury to concentrate on the needed medical expenses and to give less attention to the issues of pain and suffering and loss of consortium. The jury found that Mr. and Mrs. Campbell each suffered permanent injuries and awarded damages to each of them for both past and future economic losses (medical expenses and lost earnings). However, for each of the Campbells, the jury entered a zero verdict for past noneconomic losses and loss of consortium, as well as for future noneconomic losses and loss of consortium.
Following the trial, after the trial court set off the personal injury protection benefits and medical payment benefits previously received by the Campbells, the court refused to set off the $10,000 that each had received from the Bosselman settlement, finding that the language of section 627.727(1), Florida Statutes (1999), precluded the setoff. The trial court erred in this statutory interpretation. The relevant statutory language reads: "The amount of coverage available under this section shall not be reduced by a setoff against any coverage, including liability insurance." Id. (emphasis added). This portion of the statute deals not with posttrial setoff, however, but with the requirement that underinsured coverage must be offered to a person buying liability coverage and that the underinsured coverage offered must not be reduced by the amount of other liability insurance. Accordingly, the language in this section refers to what must be offered or made available to the purchaser; it has nothing to do with posttrial setoff.
The section that does provide for posttrial setoff is section 627.727(6)(t), which states: "The underinsured motorist insurer is entitled to a credit against total damages in the amount of the limits of the underinsured motorist's liability policy in all cases to which this subsection applies...." § 627.727(6)(c), Fla. Stat. (1999). However, the underinsured motorist carrier is only entitled to this credit if the underinsured award duplicates the benefits recovered from the tortfeasor's liability insurance. State Farm Mut. Auto. Ins. Co. v. Vecchio, 744 So.2d 570, 571 (Fla. 2d DCA 1999); Galante v. USAA Cas. Ins. Co., 695 So.2d 456 (Fla. 4th DCA 1997).
*1034 The Campbells argue that the credits should not apply here because the underinsured jury award, which included only economic damages, did not duplicate the benefits contained in the Bosselman settlement, which represented total damages, including noneconomic and economic damages. The record refutes the Campbells' argument, however, because the jury award does represent the total damages. The Campbells presented the jury with evidence of both noneconomic and economic damages, the jury was instructed regarding both noneconomic and economic damages, and the verdict forms required the jury to respond to the issues of both noneconomic and economic damages. Finally, the jury was instructed to find the total damages incurred by each of the Campbells, including both economic and noneconomic damages. Because the underinsured jury award here did represent the total damages, it duplicated the benefits the Campbells received from the tortfeasor and the credit provision of section 627.727(6)(c) applies. Accordingly, the trial court erred in failing to offset the underinsured verdict amounts by the proceeds of the Bosselman settlement.
Finally, in the Campbells' cross-appeal they argue that the return of a zero award on the issue of noneconomic damages is contrary to the weight of the evidence. Allstate counters that the jury was properly charged, that the Campbells' attorney's statements in his closing argument led to this verdict, and that the jury's decision should be accepted as a proper evaluation of the evidence.
While we agree with the Campbells that the record supports an award of some measure of past noneconomic damages, we are not persuaded that future noneconomic damages must be included in such an award. The evidence supports the jury's finding that the Campbells each sustained permanent injuries and incurred significant medical expenses. Even the attorney for Allstate admitted that the Campbells had been hurt. Moreover, contrary to Allstate's argument, the closing argument of the Campbells' attorney did not amount to a waiver of their claims for noneconomic damages. Although these factors would support an award of past noneconomic damages, they do not necessarily require an award of future noneconomic damages. The distinction between past noneconomic damages and future noneconomic damages was best explained by the Florida Supreme Court when it quoted with approval the following language taken from Judge Klein's dissent in Allstate Insurance Co. v. Manasse, 681 So.2d 779 (Fla. 4th DCA 1996), quashed, 707 So.2d 1110 (Fla.1998):
Future damages are, by nature, less certain than past damages. A jury knows for a fact that a plaintiff has incurred past medical expenses, and, when it finds those expenses to have been caused by the accident, there is generally something wrong when it awards nothing for past pain and suffering. The need for future medical expenses is often in dispute, however, as it was here. It does not necessarily therefore follow, in my opinion, that an award of future medical expenses requires an award of noneconomic damages.
Allstate Ins. Co. v. Manasse, 707 So.2d 1110, 1111-12 (Fla.1998).
In this case, the jury entered verdicts for both past and future economic damages, although the future economic damages awarded were nominal.[1] Since the jury found that the Campbells suffered injuries that required treatment by medical care providers as evidenced by the award of past medical costs, the jury's *1035 failure to award even nominal past noneconomic damages was not supported by the weight of the evidence and must be reversed. Mason v. Dist. Bd. of Tr. of Broward Cmty. Coll., 644 So.2d 160 (Fla. 4th DCA 1994). However, as in Manasse, the need for future economic damages was disputed and the jury awarded only minimal future economic damages. Therefore, the jury's failure to award future noneconomic damages was supported by the evidence and is affirmed. See Manasse, 707 So.2d 1110.
We accordingly reverse and remand for a new trial on past noneconomic damages only for each of the Campbells. Upon a determination of those amounts, the trial court shall credit Allstate with a $10,000 offset against each of the Campbells' total damages award pursuant to section 627.727(6)(c).
Reversed and remanded.
ALTENBERND, C.J., and CASANUEVA, J., Concur.
NOTES
[1] The future economic damages awarded here were $300 per year. The future economic damages awarded in Manasse were only $250 per year.