905 So.2d 243 (2005)
Naomi KATZ, Appellant,
v.
ALLSTATE INSURANCE COMPANY, Appellee.
No. 4D03-2755.
District Court of Appeal of Florida, Fourth District.
June 22, 2005.
*244 Millard C. Glancy of Law Offices of Millard C. Glancy, Coral Springs, for appellant.
Richard A. Sherman, Sr., of Law Offices of Richard A. Sherman, P.A., and David R. Strong of Law Offices of Leonard C. Bishop, Fort Lauderdale, for appellee.

ON MOTION FOR REHEARING
BRYAN, BEN L., JR., Associate Judge.
We grant the motions for rehearing, withdraw our previously issued opinion, and substitute the following in its place.
Naomi Katz sued her insurer, Allstate Insurance Company, for injuries and damages incurred as a result of an automobile accident with an uninsured motorist. Count I was for payment of PIP benefits. Count II was for uninsured motorist coverage benefits. Allstate asserted a right of setoff as to Count II. Katz had settled with the tortfeasor for $10,000 and received $3,798.37 in PIP damages. This exceeded the $12,169.37 the jury awarded for past medical expenses. The jury found there was a permanent injury but awarded nothing for pain and suffering.
There are two issues on appeal. The first is whether the trial court erred in setting off the settlement amount against the economic damages awarded by the jury when the settlement did not differentiate between economic and noneconomic damages. The second is whether a verdict that finds a permanent injury but awards no damages for pain and suffering is inadequate as a matter of law.
*245 The second district, in Allstate Insurance Co. v. Campbell, 842 So.2d 1031 (Fla. 2d DCA 2003), addressed the second issue argued by appellant. In Campbell, as the result of injuries sustained in an automobile accident, the jury awarded past and future economic damages to both plaintiffs and found that both of them suffered permanent injuries. The jury did not award either plaintiff any past or future noneconomic damages. On appeal the second district held with respect to past noneconomic damages:
Since the jury found that the Campbells suffered injuries that required treatment by medical care providers as evidenced by the award of past medical costs, the jury's failure to award even nominal past noneconomic damages was not supported by the weight of the evidence and must be reversed.
Id. at 1034-35. For the same reason, this case is reversed and remanded for a new trial on past noneconomic damages.
We distinguish Beauvais v. Edell, 760 So.2d 262, 264-65 (Fla. 4th DCA 2000), in which we held that:
[W]here there is a dispute as to whether the injuries resulted from the accident, a verdict awarding only medical expenses does not require a new trial as a matter of law. Rather, a motion directed to the inadequacy, whether it seeks a[n] additur or a new trial, is left to the broad discretion of the trial judge.
In Beauvais, the extent of injuries the plaintiff suffered from the accident was disputed. For instance, she claimed she tore a rotator cuff, which was disputed, and she had surgery on two wrists, when only one was injured in the accident. The jury was not given an itemized verdict, nor is it even clear from the opinion that the jury made an explicit finding that plaintiff incurred a permanent injury. 760 So.2d at 265 (Farmer, J., concurring and noting that the verdict "implicitly" found a permanent injury). The jury awarded a single amount of damages, which was the exact amount of medical expenses incurred for all injuries.
In this case, the jury received an itemized verdict form. The first question asked, "What is the total amount of reasonable and necessary medical expenses sustained by the Plaintiff, NAOMI KATZ, and caused by the subject accident? A. In the Past? B. In the Future?" The jury filled in "A. In the past?" with the amount of medical expenses established at trial of $12,169.37. It then was asked whether plaintiff had sustained a permanent injury, to which the jury answered "yes." Question 3 then asked the jury what amount of pain and suffering damages were caused by the accident, and the jury answered "0" for both past and future damages.
Contrary to the facts of Beauvais, in which there was disputed evidence of which injuries were caused by the accident that was not clarified in the jury verdict, in this case the jury specifically found that the injuries for which medical expenses were awarded were caused by the accident. Therefore, this case is more like Campbell than Beauvais.
As to the first issue regarding setoff, the trial court set off the tortfeasor's settlement against the verdict of $12,689.37 as well as the amount she had received in PIP benefits. The court determined that "pursuant to the two-issue rule, the Plaintiff is prohibited from contending that if there had been a special interrogatory verdict, she may have won on some claim." Katz claims this was error, because her award for her medical expenses was a recovery under her PIP claim and not pursuant to the UM award, under which setoff of the tortfeasor's settlement would *246 be permitted. See Campbell, 842 So.2d 1031.
We conclude, as did the trial court, that Katz is precluded from arguing against setoff, given the way the claims were submitted to and decided by the jury. Although Katz brought two claims against Allstate, one for PIP and one for UM coverage, she claimed medical expenses under both. Under the UM claim, Allstate's answer includes an affirmative defense that any settlement should be reduced by amounts paid or payable under PIP and any settlement from the tortfeasor.
The parties stipulated to reserve the issue of setoff until after the jury verdict. The jury was not instructed on the separate PIP claim, but received only the standard negligence instructions for an automobile accident case. The parties used the standard verdict form for automobile negligence cases. We therefore conclude that the trial court did not abuse its discretion in determining that Allstate was entitled to setoff of the tortfeasors' settlement based upon the submission of the case to the jury on the UM claim.[1]
Affirmed in part; reversed in part, and remanded for a new trial on past non-economic damages.
STONE and WARNER, JJ., concur.
NOTES
[1] Moreover, Katz's argument that the verdict was inadequate because it failed to award any pain and suffering damages, which would be awardable under the UM claim, is inconsistent with her argument that setoff is not required because the recovery was on the PIP claim.