SUAREZ, J.
Marietta Somoza (“Somoza”) appeals the trial court’s final judgment awarding Allstate Indemnity Company (“Allstate”) a setoff against a jury verdict in her favor, and the jury verdict award of nothing for pain and suffering. We affirm on both points.
On January 27, 1998, Somoza was involved in an automobile accident with an underinsuréd motorist in which she claimed to have received injuries. Her automobile insurance company, Allstate, paid $10,000.00 in personal injury protection (“PIP”) for her medical treatment. The tortfeasor’s automobile insurance carrier, Progressive Insurance Company (“Progressive”), tendered Somoza the tort-feasor’s policy limit of $10,000.00 with Allstate’s permission. Somoza brought the present underinsured motorist action against Allstate claiming economic damages for past and future medical treatment and non-economic damages for past and future pain and suffering. The jury awarded Somoza $20,350.00 for past medi *704 cal expenses, nothing for future medical expenses, and $2,000.00 for loss of past earnings. The jury awarded Somoza nothing for past or future pain and suffering, having found that she suffered no permanent injury as a result of the accident. The trial court’s final judgment contains two setoffs against the verdict: $10,000.00 for Allstate’s payment of PIP benefits, and $10,000.00 for Progressive’s payment under the tortfeasor’s policy. Somoza appeals the setoff of Progressive’s payment as well as the award of no damages for her pain and suffering.
First, the trial court did not err by awarding Allstate a setoff in the amount of Progressive’s $10,000.00 payment. Florida law provides that an under-insured motorist insurer is entitled to a credit against total damages in the amount of the limits of the underinsured motorist liability policy. § 627.727(6)(b), Fla. Stat. (1997). The credit is for the total damages and applies whether the damages are economic or non-economic. See Allstate Ins. Co. v. Rush, 777 So.2d 1027, 1031 (Fla. 4th DCA 2000). However, the underinsured motorist insurer is entitled to this credit only if the underinsured’s award duplicates the benefits received from the tort-feasor’s underinsured liability insurer. State Farm, Mut. Auto. Ins. Co. v. Vecchio, 744 So.2d 570, 571 (Fla. 2d DCA 1999).
The issue in the instant case is whether the jury award duplicates the benefits that Somoza received from Progressive. We find that it does. Somoza accepted Progressive’s offer to pay the tortfeasor’s $10,000.00 policy limit. Somoza then filed an uninsured/underinsured motorist claim against her own underinsured automobile insurance carrier for past and future economic and non-economic damages. She presented witnesses at trial concerning past and future economic and non-economic damages. The trial court instructed the jury regarding economic and non-economic damages, and the verdict form contained a total award of damages for economic and non-economic damages. The jury’s award was a total award even though they found there was no permanent injury and made no monetary award for non-economic damages. Somoza could have requested that the jury return a verdict solely for economic damages for medical treatment, thereby ensuring there would be no duplication of the settlement with the underin-sured carrier for non-economic bodily injuries. She failed to do so. The jury’s award for economic damages and nothing for non-economic damages is a total award of damages and, therefore, duplicates the benefits that Somoza received from Progressive, and Allstate is entitled to a credit in the amount of $10,000.00. We reject Somoza’s argument that there is no duplication of benefits because the jury award was solely for economic damages for medical treatment and the settlement was solely for non-economic bodily injury damages. See Allstate Ins. Co. Inc. v. Campbell, 842 So.2d 1031 (Fla. 2d DCA 2003) (holding that the jury’s award for economic damages and nothing for non-economic damages was total award of damages which duplicated the bodily injury settlement that the plaintiffs received from the tort-feasor’s carrier, and, therefore, the court erred in failing to offset the verdict by the settlement amount). The cases that Somoza cites in support of her argument are distinguishable. See Galante v. USAA Cas. Ins. Co., 695 So.2d 456 (Fla. 4th DCA 1997) (reversing setoff where the jury was not asked to consider economic damages for medical expenses); State Farm v. Vecchio, 744 So.2d at 570 (the claim against the uninsured motorist carrier was solely for non-economic damages). We therefore affirm the trial court’s final judgment awarding a setoff against the verdict *705 award in the amount of Progressive’s $10,000.00 settlement with Somoza.
Somoza next claims that the jury’s award of no damages for pain and suffering requires a new trial as a matter of law. We disagree. At trial, Somoza introduced evidence that she suffered permanent injuries due to the accident. Allstate’s experts testified that Somoza’s injuries were preexisting or occurred after the accident and were not caused by the accident. The jury found that Somoza suffered no permanent injuries as a result of the accident. The record contains competent substantial evidence to support the jury’s verdict. As Somoza failed to meet the threshold requirement of demonstrating that she suffered permanent injury as a result of the accident, the award of no damages for Somoza’s pain and suffering is not erroneous. See Beauvais v. Edell, 760 So.2d 262 (Fla. 4th DCA 2000)(holding that a verdict awarding only medical expenses does not require a new trial as a matter of law).
Affirmed.