*683
 
 STEVENSON, J.
 

 While driving a car owned by Irma Cohen, Ingrid Cirillo-Meijer was rear-ended by Felix Martinez. Cirillo-Meijer settled with Martinez and then sued GEICO, Cohen’s uninsured/underinsured motorist carrier, alleging the accident had caused her to suffer TMJ and the $10,000 settlement with Martinez had been insufficient to compensate her for the injuries. The trial court ultimately directed a verdict in favor of GEICO with regard to the permanency threshold necessary to support the award of non-economic damages, leaving for the jury only the matter of the plaintiffs future and past medical expenses. The jury awarded $25,545 for past medical expenses and $13,500 for future medical expenses. The trial court permitted GEI-CO a set-off for the PIP benefits already paid by GEICO, but denied it a set-off for the settlement with Martinez. In this appeal, GEICO insists the trial court erred by refusing to setoff the settlement with Martinez from the jury’s damages award. And, in her cross-appeal, Cirillo-Meijer argues the trial court erred in directing a verdict on the permanency threshold thus taking the issue of non-economic damages from the jury. We find merit in GEICO’s argument concerning the set-off, but affirm the directed verdict on the permanency threshold.
 

 Set-Off
 

 Section 627.727, Florida Statutes, authorizes an injured party to settle with the other driver and his liability insurer for less than the amount of the damages claimed, but requires the injured party to give the UM carrier notice of the settlement and gives the UM carrier the right to a set-off against “total damages,” defined as “the full amount of damages determined to have been sustained by the injured party, regardless of the amount of underin-sured motorist coverage.” § 627.727(6)(a)-(c), Fla. Stat. (2010). The UM carrier is entitled to the set-off, however, “only ... where the [UM] award duplicates benefits already recovered from the tortfeasor’s liability insurer.”
 
 State Farm Mut. Auto. Ins. Co. v. Vecchio,
 
 744 So.2d 570, 571 (Fla. 2d DCA 1999). The burden is on the UM carrier to demonstrate that the plaintiffs receipt of the settlement and the full amount of the jury’s damages award will result in a duplication of benefits.
 
 See Aetna Cas. & Sur. Co. v. Langel,
 
 587 So.2d 1370, 1373 (Fla. 4th DCA 1991).
 

 The instant case is similar to
 
 Somoza v. Allstate Indemnity Co.,
 
 929 So.2d 702, 704 (Fla. 3d DCA 2006). There, the plaintiff settled with the tortfeasor’s insurer for the $10,000 policy limits. The plaintiff then sued her UM carrier, seeking past and future economic and non-economic damages. The jury awarded sums for past medical expenses and lost earnings, but found the plaintiff did not sustain a permanent injury and thus awarded no non-economic damages. The jury’s verdict was held to represent a “total damages” award, despite the jury’s failure to actually award non-economic damages. The appellate court thus affirmed the trial court’s grant of a set-off to the UM insurer. In so doing, the court noted the plaintiff could have avoided the issue by submitting to the jury only the issue of economic damages, but she had failed to do so. The court also rejected the plaintiffs attempt to avoid a finding of a duplication of benefits by characterizing the settlement with the tortfeasor as a settlement for solely non-economic damages.
 
 See also Allstate Ins. Co. v. Campbell,
 
 842 So.2d 1031 (Fla. 2d DCA 2003) (finding jury verdict represented “total damages” and UM insurer entitled to set-off where plaintiff sought both economic and non-economic damages and jury returned a verdict awarding economic damages, but nothing for pain and
 
 *684
 
 suffering, despite finding plaintiff suffered a permanent injury).
 

 Here, as in
 
 Somoza
 
 and
 
 Campbell,
 
 the plaintiff pled and tried the issues of both economic and non-economic damages. In
 
 Somoza
 
 and
 
 Campbell,
 
 it was the jury that determined the plaintiff was entitled to no non-economic damages. In the instant case, by granting a directed verdict in favor of the UM insurer on the permanency threshold, the trial court resolved the issue of non-economic damages, finding, as a matter of law, that the plaintiff was not entitled to the same. The fact that it was the trial court that determined the plaintiff was not entitled to non-economic damages does not render the jury verdict any less of a “total damages” award. Thus, as in
 
 Somoza
 
 and
 
 Campbell,
 
 the UM insurer was entitled to the set-off.
 

 Galante v. USAA Casualty Insurance Co.,
 
 695 So.2d 456, 457 (Fla. 4th DCA 1997), the authority relied upon by Cirillo-Meijer, is distinguishable. In
 
 Galante,
 
 the plaintiff sought only non-economic damages in the suit against the UM insurer and the jury was never called upon to decide the extent of the plaintiffs economic losses; it was thus impossible to determine whether the undifferentiated settlement represented a duplication of benefits.
 
 Id.
 
 Cirillo-Meijer pled and tried entitlement to economic and non-economic damages.
 

 Permanency Threshold
 

 Cirillo-Meijer presented evidence that, at the time of the trial, the medical treatment she had received for her TMJ had failed to afford her complete relief and, thus, surgery had been recommended. The surgeon with whom Cirillo-Meijer had consulted testified the surgery would require him to make an incision by Cirillo-Meijer’s left ear so that he could either put the disc in the jaw back into place or, if it was damaged, remove the disc and replace it with fat taken from her abdomen. The surgeon testified the surgery would leave a 1½ inch to 2 inch scar by the ear and possibly a 1 inch or smaller scar on the abdomen. At the time of trial, Cirillo-Meijer had not yet had the surgery, but she did testify she had scheduled the same. Cirillo-Meijer insists that the testimony that she would suffer a scar as the result of the surgery she planned to have was sufficient evidence from which the jury could have found that she had sustained an injury resulting in “[significant and permanent scarring or disfigurement”—one of the ways in which a plaintiff may satisfy the permanency threshold necessary to support the award of non-economic damages in a tort suit against the owner or operator of a motor vehicle or his or her insurer. § 627.737(2)(c), Fla. Stat. (2010). She thus contends it was error for the trial court to direct a verdict on the issue. We disagree.
 

 Generally, “whether a facial scar is a disfigurement is for the jury’s observation and evaluation and is not subject to determination as a matter of law.”
 
 Cohen v. Pollack,
 
 674 So.2d 805, 806 (Fla. 3d DCA 1996). Here, the plaintiff does not yet have the scar. Further, assuming, without deciding, that a scar which the plaintiff will sustain
 
 if
 
 she has surgery in the future could satisfy the permanency threshold so as to support an award of non-economic damages, the evidence in the instant case was wholly insufficient to permit the jury to make a determination that the scar would rise to the level of “significant and permanent.”
 
 [1]
 
 Here, the jury
 
 *685
 
 was told only that the surgery would result in a scar 1⅝ to 2 inches in length and near the plaintiffs ear and, depending on the condition of the disc in the jaw, possibly a 1 inch scar on the abdomen. There was no evidence regarding the extent to which any scarring would be visible and remain so, or the extent to which the scars would be discolored or raised, i.e., there was no evidence apart from the length that would have permitted a jury to find that the scar rose to the level of “significant and permanent.”
 
 Cf. Soto v. Scaringelli,
 
 189 N.J. 558, 917 A.2d 734, 743 (2007) (interpreting a statute similar to section 627.737(2) and holding that “significant disfigurement or significant scarring” threshold is satisfied when “on an objective basis, the disfigurement or scarring substantially ‘impairfs] or injure[s] the beauty, symmetry, or appearance of a person, rendering the bearer unsightly, misshapen or imperfect, deforming her in some manner’ ” and that “a number of factors are relevant, ‘including appearance, coloration, existence and size of the scar, as well as, shape, characteristics of the surrounding skin, remnants of the healing process, and any other cosmetically important matters’ ”) (quoting
 
 Gilhooley v. Cnty. of Union,
 
 164 N.J. 533, 753 A.2d 1137 (2000)).
 

 Accordingly, the judgment on appeal is reversed and the matter remanded to the trial court with directions that the court reduce the final judgment in the amount of $10,000 to reflect Cirillo-Meijer’s settlement with the tortfeasor and his insurer.
 

 Affirmed in part and Reversed in part.
 

 GROSS, C.J., and FARMER, J„ concur.
 

 [1]
 

 . We note that, despite appellant's arguments to the contrary, she may not return to court at a later date and again litigate her entitlement to non-economic damages.
 
 See Faulkner v. Allstate Ins. Co.,
 
 367 So.2d 214, 217-18 (Fla.
 
 *685
 
 1979);
 
 Calhoun v. N.H. Ins. Co.,
 
 354 So.2d 882, 883 n. 4 (Fla.1978).