# Third District Court of Appeal

## State of Florida

Opinion filed December 16, 2020.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D19-2301
Lower Tribunal No. 17-23785
_____


## Gloria A. Cabrera,
Appellant,

vs.

## Wal-Mart Stores East, LP,
Appellee.


An appeal from the Circuit Court for Miami-Dade County, Thomas J. Rebull, Judge.

Simon Trial Firm, and Daniel M. Grissom, and Elibet Caballero, for appellant.

Fasi & Dibello P.A., and Frantz Destin, Jr., and Darin Dibello, for appellee.

Before MILLER, GORDO, and BOKOR, JJ.

MILLER, J.

Appellant, Gloria Cabrera, challenges a final order denying her motion for new trial, or, alternatively, additur. Following a three-day slip and fall trial, a jury awarded Cabrera damages for past medical expenses, but returned a zero verdict as to past noneconomic and future damages. Although Cabrera urges reversal on a myriad of grounds on appeal, we embrace but one.[1] Concluding "the record supports an award of some measure of past noneconomic damages, we are not persuaded that future . . . damages must be included in such an award." Allstate Ins. Co., Inc. v. Campbell, 842 So. 2d 1031, 1034 (Fla. 2d DCA 2003). Thus, we reverse and remand for further proceedings.

## FACTS AND BACKGROUND

In late 2016, after entering a Wal-Mart store located in Hialeah, Florida, Cabrera slipped and fell in a puddle of water on the floor. Following the fall, Cabrera experienced right knee and lower back pain, along with tingling in her extremities.

---

[1] We reject the remaining claims without further elaboration. See Vitro Am., Inc. v. Ngo, 45 Fla. L. Weekly D2192, D2195 (Fla. 1st DCA Sept. 21, 2020) (The "evidence created a factual issue on legal causation sufficient to send the question of proximate cause to the jury, notwithstanding any ancillary issue of comparative negligence."); R.J. Reynolds Tobacco Co. v. Schlefstein, 284 So. 3d 584, 590 (Fla. 4th DCA 2019) ("[T]he withdrawal of the [comparative negligence] affirmative defense does not alter a[] . . . plaintiff's burden of proof, or the defendant's ability to present evidence to counter it."); Bryant v. Fiadini, 405 So. 2d 1341, 1343-44 (Fla. 3d DCA 1981) (even after the "defendants withdrew the defense of comparative negligence . . . [i]t was within the province of the jury to find that the negligence of the [plaintiffs] was the sole proximate cause of the injuries") (citations omitted).

She underwent a course of nonsurgical treatment but continued to suffer from pain and a limited range of motion.

Cabrera was eventually referred to Dr. Roberto Moya, a board-certified orthopedic surgeon. Dr. Moya was confronted with certain diagnostic limitations, stemming from Cabrera's pacemaker. Nonetheless, he confirmed a lumbar spine disc herniation and misaligned patella on her right knee and proposed an alternative course of treatment. Although future surgery was considered, Cabrera was not deemed medically suitable.

Cabrera filed suit against Wal-Mart, asserting claims grounded in negligence. Wal-Mart answered and the dispute proceeded to trial. At trial, Cabrera presented proof of her previously incurred and estimated future medical expenses. She additionally sought to establish noneconomic damages through her own testimony and Dr. Moya's informed conclusion that she suffered from trauma-induced pain as a result of the fall. Wal-Mart did not present an expert. Instead, it suggested on cross-examination that the pain was attributable, in part, to co-existing medical conditions, including arthritis and corpulence.

In closing argument, Wal-Mart's counsel informed the jury Cabrera was indeed "hurt" by the fall but contended her asserted levels of pain were exaggerated. Following deliberations, the jury awarded Cabrera the entirety of her past medical

expenses but nothing for pain and suffering or future damages.  Motions for new trial and additur were denied and the instant appeal ensued.

## LEGAL ANALYSIS

We review the lower court's denial of a motion for additur or new trial under an abuse of discretion standard.  Ellender v. Bricker, 967 So. 2d 1088, 1092 (Fla. 2d DCA 2007) (citing Allstate Ins. Co. v. Manasse, 707 So. 2d 1110, 1111 (Fla. 1998)).

In a negligence action, the consideration of a motion for additur is governed by section 768.74, Florida Statutes (2020), which requires the court to determine whether the amount of damages awarded by the jury is "inadequate in light of the facts and circumstances which were presented to the trier of fact."  If the amount awarded is deemed inadequate, the court is charged with ordering additur.  § 768.74(2), Fla. Stat.

In those reported cases involving inadequacy, Florida law has long distinguished between past and future damages.  The reason for this distinction is that "as to past damages [there is] a record that allows [the trier of fact] to scrutinize very closely what has already happened, the same cannot be said as to future losses."  Dyes v. Spick, 606 So. 2d 700, 704 (Fla. 1st DCA 1992).  Indeed, as was thoughtfully expounded upon by Judge Klein in his sagacious dissent in Allstate Insurance Co. v. Manasse, 681 So. 2d 779, 784-85 (Fla. 4th DCA 1996) (Klein, J., dissenting) reversed by 707 So. 2d 1110 (Fla. 1998):

4

> Future damages are, by nature, less certain than past damages. A jury knows for a fact that a plaintiff has incurred past medical expenses, and, when it finds those expenses to have been caused by the accident, there is generally something wrong when it awards nothing for past pain and suffering. The need for future medical expenses is often in dispute, however . . . It does not necessarily therefore follow . . . that an award of future medical expenses requires an award of noneconomic damages.

Consequently, the "nature of future damages is such that much discretion must be afforded to the finder of fact." Id. at 784 (citation omitted).

In the instant case, the need for future damages remained in contention throughout the trial, particularly in light of Cabrera's inability to obtain medical clearance for surgery and failure to consistently treat with Dr. Moya. Hence, the failure to award the same was supported by the evidence. See Arias v. Porter, 276 So. 3d 49, 55 (Fla. 2d DCA 2019); Ellender, 967 So. 2d at 1093; Campbell, 842 So. 2d at 1034-35; Dolphin Cruise Line, Inc. v. Stassinopoulos, 731 So. 2d 708, 710 (Fla. 3d DCA 1999); Gaines v. Amerisure Ins. Co., 701 So. 2d 1192, 1193 (Fla. 3d DCA 1997); Ochlockonee Banks Rest., Inc. v. Colvin, 700 So. 2d 1229, 1230 (Fla. 1st DCA 1997); Een v. Rice, 637 So. 2d 331, 332-33 (Fla. 2d DCA 1994); Harrison v. Hous. Res. Mgmt., Inc., 588 So. 2d 64, 66-67 (Fla. 1st DCA 1991); Smith v. Turner, 585 So. 2d 395, 396 (Fla. 5th DCA 1991); Thornburg v. Pursell, 446 So. 2d 713, 714 (Fla. 2d DCA 1984). Thus, we turn our attention to the past noneconomic damages.

A body of well-developed precedent guides our analysis in determining whether an award of past noneconomic damages is warranted. The relevant decisions inform us that where "the trial evidence of the existence of such is substantially undisputed," and "when a jury finds that the plaintiff suffered injuries that required treatment as evidenced by an award of past medical expenses," a verdict devoid of past noneconomic damages is inadequate, as a matter of law.[2] Arias, 276 So. 3d at 56; see Manasse, 707 So. 2d at 1111-12; Ellender, 967 So. 2d at 1093.

Here, Dr. Moya was the sole testifying expert at trial. Through his testimony, he established Cabrera suffered from trauma-induced pain, along with a permanent injury, as a result of the fall. Cabrera corroborated his assessment, confirming she did not experience pain in her knee or back prior to the fall. She detailed her initial and continuing physical discomfort, along with her inability to engage in daily activities to the same extent as before. In closing argument, Wal-Mart conceded

---

[2] It is unclear how these concepts relate to one another—"whether each operates independently, whether one is subordinate to another, or whether the cases focusing [on] an award of past medicals reflect no more than Judge Klein's observation in Manasse that there is 'generally something wrong,' with a verdict that awards past medicals and no past noneconomic damages instead of a hard-and-fast rule." Arias 276 So. 3d at 56 (quoting Manasse, 681 So. 2d at 785 (Klein, J., dissenting)). However, here, we "need not resolve the matter . . . because the zero [past noneconomic damages] verdict in this case fails as a matter of law under either measure." Id.

Cabrera experienced pain from the fall, and the jury, thereafter, awarded the full amount of past medical expenses.

By this verdict, the jury found Cabrera endured "injuries that required treatment by medical care providers as evidenced by the award of past medical costs," and the evidence was also substantially undisputed that Cabrera suffered noneconomic damages. Campbell, 842 So. 2d at 1034. Under these circumstances, the "jury's failure to award even nominal past noneconomic damages was not supported by the weight of the evidence," and the denial of the motion for additur or new trial constituted error. Id. at 1034-35 (citation omitted); see Casper v. Melville Corp., 656 So. 2d 1354, 1356 (Fla. 4th DCA 1995); see also Ellender, 967 So. 2d at 1093.

Accordingly, we reverse and remand for a new trial solely on the issue of past noneconomic damages. If, however, the same trial judge who presided at the trial below is available, that judge may consider "additur, as an alternative approach to satisfying the award of a new trial." Gaines, 701 So. 2d at 1193.

Reversed and remanded.