214 So.2d 730 (1968)
Richard Allen PICKEL, Jr., a Minor, by and through His Father and Next Friend, Richard Allen Pickel, Sr., and Richard Allen Pickel, Sr., Individually, Appellants,
v.
Sheila Markowitz ROSEN, Appellee.
No. 68-254.
District Court of Appeal of Florida. Third District.
October 15, 1968.
Rehearing Denied November 4, 1968.
Fuller & Brumer, Kenneth L. Ryskamp, Miami, for appellants.
Dean, Adams, George & Wood and George Bunnell, Miami, for appellee.
Before CHARLES CARROLL, C.J., and BARKDULL and SWANN, JJ.
SWANN, Judge.
This is an action brought by the plaintiff-minor and his father, as next friend, to recover for personal injuries and medical expenses suffered by the minor in an automobile accident. The defendant denied any negligence and raised the defense of contributory negligence. The jury returned a verdict for the plaintiffs, awarding the father $701.20 (the exact amount of the medical expenses incurred on behalf of the minor) but awarding the minor zero dollars for his pain and suffering.
*731 Thus, although the issue of liability was resolved by the jury in favor of the plaintiffs, the question before us is whether the verdict was so inconsistent with regard to the damages as to require a new trial on the issue of the minor's damages alone. We hold that it was.
The minor evidenced objective signs of injury. The uncontradicted evidence was that he had sustained a class "A" injury, that is, there was a visible sign of injury such as a bleeding wound or a distorted member, or that he had to be carried from the scene of the accident in an ambulance. As a result, he was hospitalized for surgery to remove a large hematoma on his left leg. The wound was cauterized with silver nitrate and a rubber drain was inserted in the wound from the five inch incision. This drain was kept there for approximately one week. There was uncontroverted evidence that this procedure was somewhat painful. Furthermore, there was no evidence that the minor had a pre-existing injury or had suffered from any pre-existing pathological condition.
Under these circumstances the award of zero dollars was inconsistent with the award of the exact medical expenses to the plaintiff-father.[1] See Noll v. Byorick, Fla. App. 1959, 108 So.2d 67. Cf. Loftin v. Anderson, Fla. 1953, 66 So.2d 470; Fejer v. Whitehall Laboratories, Inc., Fla.App. 1966, 182 So.2d 438; Thieneman v. Cameron, Fla. App. 1961, 126 So.2d 170; Annotation: Verdict Omitting Damages for Pain, 20 A.L.R.2d 276. See also Hatchell v. Hayes, Fla.App. 1963, 157 So.2d 855; Smith v. City of Miami, Fla.App. 1963, 153 So.2d 62.
Had the jury returned a verdict for the plaintiff minor for even a small amount, perhaps our result would have been different. A verdict for grossly inadequate damages stands on the same ground as a verdict for excessive damages, a new trial may be as readily granted in one case as the other. Roberts v. Bushore, Fla. 1966, 182 So.2d 401. See also Loftin v. Wilson, Fla. 1953, 67 So.2d 185.
Accordingly, we reverse and remand for a new trial on the sole issue of the damage to the minor plaintiff.
NOTES
[1] We are not unmindful of our opinion in Clark v. Yellow Cab Company of Miami, Fla.App. 1967, 195 So.2d 39. There, however, the evidence was in conflict as to whether the minor suffered a compensable injury.