710 So.2d 191 (1998)
Tim RAMEY, Appellant/Cross-Appellee,
v.
WINN DIXIE MONTGOMERY, INC., an Alabama Corporation, Appellee/Cross-Appellant.
No. 97-890.
District Court of Appeal of Florida, First District.
April 29, 1998.
*192 Dixie D. Powell of Powell, Powell & Powell, Crestview, for Appellant/Cross-Appellee.
Richard N. Blank, P.A., Fort Lauderdale, for Appellee/Cross-Appellant.
JOANOS, Judge.
Tim Ramey, appellant/cross-appellee, sued Winn Dixie Montgomery, Inc. (Winn Dixie) for recovery of damages for back injuries Ramey suffered in a slip and fall in a Winn Dixie supermarket. The jury found Winn Dixie and Ramey were each fifty per cent negligent, and awarded Ramey the amount of medical bills incurred, together with $6,000.00 for past pain and suffering, and zero damages for future medical care, and non-economic damages. Ramey appeals the denial of his motion for new trial or additur. Winn Dixie cross-appeals the denial of its motion for directed verdict. We reverse and remand the cause for a new trial on all issues.
Section 768.74, Florida Statutes, requires the trial court to review an award of money damages for excessiveness or inadequacy. This requirement is consistent with the longstanding principles regarding the granting of new trials where the amount of damages awarded is inconsistent with either the evidence or other parts of the verdict. See Poole v. Veterans Auto Sales and Leasing Co., 668 So.2d 189, 191 (Fla.1996).
In determining whether or not a new trial is required, the test is: "if reasonable men could differ as to the propriety of the action taken by the trial court, then there is no abuse of discretion, and the order must stand undisturbed by the appellate court." See DeLong v. Wickes Co., 545 So.2d 362, 366 (Fla. 2d DCA 1989). Our application of these standards to the jury's verdict in this case in light of the record evidence, leads us to conclude that the verdict is contrary to the reasonable man standard.
With regard to the issue raised by Winn Dixie, we find the trial court did not abuse its discretion in denying Winn Dixie's motion for directed verdict. To withstand the motion for directed verdict, it was incumbent upon Ramey to prove that Winn Dixie had actual or constructive notice of the alleged dangerous condition. See Schaap v. Publix Supermarkets, Inc., 579 So.2d 831, 834 (Fla. 1st DCA 1991). The trial court concluded that Ramey's testimony that the butter on the supermarket floor had lumps in it and had partly melted constituted sufficient evidence to submit the question to the jury. The court found the fact that the butter had melted indicated it had been on the floor for a period of time. Winn Dixie correctly asserts that Ramey did not testify that some of the butter had melted. Nevertheless, it appears partial melting reasonably could be inferred from testimony that there were some chunks of butter on the floor. The scattered chunks of butter could reasonably *193 be regarded by a finder of fact as an indicator that a sufficient period of time had passed to put Winn Dixie on notice of the condition of the substance on the floor. Therefore, we affirm the trial court's ruling that sufficient evidence was presented from which the jury could determine the existence of negligence on the part of Winn Dixie.
However, we reach a different conclusion with regard to the jury's damages award. Despite undisputed evidence of Ramey's permanent injury; his continuing, and perhaps, increasing pain; and his continuing need for palliative treatment, the jury awarded no damages for future medical treatment, or for future pain and suffering. In ruling on Ramey's motion for new trial or additur, the trial court found that Winn Dixie failed to present evidence to rebut Ramey's evidence of permanent injury. The trial court denied Ramey's motion for new trial, based on the court's further finding that Ramey's delay in seeking medical care permitted the jury to reject or discount the evidence of a permanent and continuing injury with a concomitant entitlement to future economic and noneconomic damages.
The general rule is that a trial court's ruling on a motion for new trial will not be disturbed by the appellate court, "unless it clearly appears that the trial court abused its discretion." See Allstate Insurance Company v. Manasse, 707 So.2d 1110 (Fla.1998), quoting State v. Spaziano, 692 So.2d 174, 177 (Fla.1997). In Manasse, the Fourth District Court of Appeal reversed a trial court's denial of a motion for new trial, and remanded the cause for a new trial on damages. The District Court concluded the zero verdict for future non-economic damages was inadequate as a matter of law in light of the jury's finding of permanent injury and substantial future medical expense. See Allstate Insurance Company v. Manasse, 681 So.2d 779, 784 (Fla. 4th DCA 1996). In addition to its reversal of the order denying Manasse's motion for new trial, the District Court certified two questions concerning jury awards in negligence actions.
In quashing the decision of the Fourth District Court of Appeal, the supreme court noted the trial court found that in awarding the $10,000.00 requested by the plaintiff for future palliative care, the jury reasonably could have concluded the palliative care was reasonable, but future pain and suffering either was not proven by the greater weight of the evidence or was not compensable. The supreme court found the record evidence supported the trial court's finding. Manasse presented only her chiropractor's testimony as to the necessity for future medical care. He recommended continued conservative therapy, and the jury awarded sufficient funds to cover three or four visits per year at the chiropractor's rate. Allstate presented evidence disputing that Manasse suffered a permanent injury, her need for future chiropractic care, and her claim that her condition necessarily would cause pain. Allstate also suggested that Manasse's continued complaints of pain could be related to causes other than the 1992 accident. Based upon its review of the evidence as a whole, the supreme court found the trial court did not abuse its discretion in denying Manasse's motion for new trial. The court quashed the decision of the district court, and remanded with directions to reinstate the judgment of the trial court.
In contrast to the situation in Manasse, the record in this case does not support the trial court's denial of the motion for new trial. Here, Ramey presented the testimony of two treating physicians, a general practitioner and a neurosurgeon. Both physicians testified that Ramey suffered a herniated disc caused by the fall in a Winn Dixie supermarket in September 1992; the injury is permanent; back pain is always associated with such injuries; and Ramey will need intermittent treatment for back pain for the remainder of his life. Unlike the defendant in Manasse, Winn Dixie presented no evidence to dispute that Ramey sustained a permanent injury, and no evidence disputing the pain necessarily caused by such injury or that the injury would require future treatment.
In addition, Ramey's treating physicians testified that Ramey's delay in seeking treatment was due to his lack of medical insurance and his lack of funds to pay for the tests required for a definitive diagnosis of his back *194 condition. Although the physicians treated Ramey despite his impecunity, Ramey experienced considerable difficulty and delay in obtaining a prescribed MRI. The reason for Ramey's alleged delay in seeking treatment was presented to the jury, and there was an absence of any evidence that the minimal delays in treatment contributed to or exacerbated Ramey's condition in any way. Thus, there is no record support for the trial court's denial of Ramey's motion for new trial.
Our review of the record as a whole demonstrates the zero damages award for future medical expenses and for future pain and suffering is not reasonable in light of the undisputed evidence of permanent injury; continuing, and perhaps, increasing pain; and a continuing need for treatment. We, therefore, conclude that this unreasonable verdict was most likely the result of some sort of improper compromise or balancing on a close issue of negligence, rather than a proper separate determination on the issues of negligence and damages. Therefore, we hold that the trial court clearly abused its discretion in denying the motion for new trial.
Accordingly, we reverse and remand this cause for a new trial on all issues.
BOOTH and VAN NORTWICK, JJ., concur.