736 So.2d 1 (1998)
ALLSTATE INDEMNITY COMPANY, a corporation, Appellant/Cross-Appellee,
v.
Vicki S. CLARK, Appellee/Cross-Appellant.
No. 97-02289.
District Court of Appeal of Florida, Second District.
September 4, 1998.
*2 Bonita Kneeland Brown of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, for Appellant/Cross-Appellee.
Mark A. Steinberg of Steinberg & Linn, P.A., Naples, for Appellee/Cross-Appellant.
THREADGILL, Judge.
The appellant/cross-appellee, Allstate Indemnity Company, appeals an order which grants the appellee/cross-appellant, Vicki S. Clark, a new trial on the issue of damages in this case involving uninsured motorist (UM) coverage for the negligence of a phantom truck driver. Clark cross appeals the denial of her motion for new trial on the issue of liability. We conclude that the trial court erred in granting Clark a new trial on damages and reverse the order entered in that regard. We affirm, without discussion, the denial of Clark's motion for new trial on the issue of liability.
On January 29, 1993, Clark was maneuvering her vehicle through an intersection when she collided with a tractor-trailer. Clark was insured by Allstate at the time. Because Clark could not identify the truck or its driver after the accident, she filed a claim with Allstate under the UM provision of her automobile policy, alleging a variety of permanent soft-tissue injuries and anxiety-related ailments arising from the accident. When Allstate denied the claim, Clark instituted an action for damages against it. After a trial, the jury found that the legal cause of Clark's injuries was the seventy-five percent negligence of the phantom truck driver and the twenty-five percent comparative negligence of Clark. The jury also determined that Clark was entitled only to the unreimbursed portion of the medical expenses she had already incurred as a result of the accident. It specifically concluded, however, that she was not entitled to future medical expenses or to damages, past or future, for "pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, aggravation of a disease or physical defect, [or] loss of capacity for the enjoyment of life."
Thereafter, Clark filed a motion for new trial, asserting, as two separate grounds, that the verdict was against the manifest weight of the evidence, and that the verdict was otherwise inconsistent, in that it erroneously awarded her the remainder of her unreimbursed medical expenses without awarding her any intangible damages. After a hearing, the trial court entered an order granting Clark a new trial on "damages only," finding that the verdict was inconsistent in that regard. Allstate timely appealed, and Clark cross appealed.
Though a jury finds a plaintiff entitled to medical expenses in a given cause, it is free to simultaneously conclude that the plaintiff has suffered no compensable damages for pain and suffering or other intangibles, if there is evidence to support that conclusion. See City of Miami v. Smith, 165 So.2d 748 (Fla.1964); Smith v. Houston, 551 So.2d 551 (Fla. 2d DCA 1989); Fitzgerald v. Molle-Teeters, 520 So.2d 645 (Fla. 2d DCA 1988). Thus, a verdict which fails to award pain and suffering damages, despite awarding medical expenses for injuries arising out of an accident, is neither inconsistent nor inadequate unless the evidence of intangible damages is entirely uncontroverted. See Een v. Rice, 637 So.2d 331 (Fla. 2d DCA 1994); Daigneault v. Gache, 624 So.2d 818 (Fla. 4th DCA 1993). In the instant case, the record shows there was indeed conflicting evidence on the issue of pain and suffering and other intangible damages. For that reason, the trial court was precluded, as a matter of law, from granting Clark a new trial on the basis that the jury's verdict was inconsistent with respect to damages.
*3 Based on the foregoing, the order granting Clark a new trial on damages is reversed. The denial of Clark's motion for new trial on the issue of liability is affirmed.
Reversed on appeal; affirmed on cross appeal.
CAMPBELL, A.C.J., and NORTHCUTT, J., concur.