719 So.2d 342 (1998)
Takouhie AVAKIAN, Appellant,
v.
BURGER KING CORPORATION, a Florida corporation, Appellee.
No. 97-3783.
District Court of Appeal of Florida, Fourth District.
September 16, 1998.
Rehearing Denied November 9, 1998.
*343 Diane H. Tutt and Sharon C. Greenberg of Diane H. Tutt, P.A., Plantation, for appellant.
Paul H. Field of Lane, Reese, Aulick, Summers & Field, P.A., Coral Gables, for appellee.
LABARGA, JORGE, Associate Judge.
Appellant, Takouhie Avakian (Plaintiff), sued Burger King for personal injuries she sustained when she was assaulted by an unknown assailant while standing at the beverage counter of the restaurant. The jury found negligence on the part of Burger King and awarded Plaintiff past medical expenses, past lost earnings, and future medical expenses. The jury, however, awarded nothing for future lost earnings and nothing for past and future noneconomic damages. At the request of the parties, the trial court instructed the jury that they were required to make an award, regardless of the amount, for noneconomic damages. After further deliberations, the jury returned an award of $1.00 for past and $1.00 for future noneconomic damages. Over Plaintiff's objection, the trial court resubmitted the case to the jury for further deliberations after instructing them that the $1.00 award for noneconomic damages was not "realistic" and repeating the entire jury instructions. After deliberating the matter for a third time, the jury returned a verdict that was considered by Plaintiff to be inconsistent and inadequate. The trial court denied Plaintiff's motions for additur and new trial. We reverse because the trial court should not have required the jury to reconsider the second verdict, and the verdict prior to that reconsideration was grossly inadequate, requiring a new trial on damages.
During the trial, the parties presented a number of witnesses on the issues of liability and damages. Plaintiff presented evidence that she suffered a back injury, a fractured left hip which ultimately required the insertion of pins, a bruised chest, a bruised toe, and carpal tunnel syndrome. Burger King attempted to prove that Plaintiff's ailments were caused, or exacerbated by, an automobile accident prior to the assault, and a slip and fall incident after the assault. Although Plaintiff presented evidence regarding her condition and its adverse effect on her life, she admitted to traveling to Beirut, Lebanon for three weeks, and a friend testified that she and Plaintiff continued to participate in the various activities they enjoyed before the assault, including going out to dinner, shopping, and going to arts and crafts fairs.
The jury, after finding Burger King negligent for the assault, awarded Plaintiff $28,727 in past medical expenses, $6,864 in past lost earnings, and $6,000 for future medical expenses over a period of one year. The jury, however, awarded nothing for future lost earnings and nothing for past and future noneconomic damages. Thereafter, at the request of the parties, the court gave the following instruction to the jury:
Ladies and gentlemen, since in your verdict you found that the plaintiff suffered an injury and suffered damages and that there was negligence on behalf of the Corporation, the defendant, you have to make a determination, regardless of the amount, of any pain and suffering, disability or physical impairment. It's question number 6 on the verdict form. You have to put some amount on those lines. It's whatever amount you can agree upon.
The jury returned a second verdict, which remained unchanged except that it awarded $1.00 for past noneconomic damages, and $1.00 for future noneconomic damages. Plaintiff, arguing that the verdict remained inconsistent and inadequate, requested the *344 trial court to require the jury to reconsider their second verdict, or in the alternative, grant a new trial solely on the issue of damages. Plaintiff's counsel then changed his mind, objected to any further deliberations on the part of the jury, and requested a new trial solely on the issue of damages. The trial court denied Plaintiff's request for a new trial, and resubmitted the matter to the jury for further deliberations with the following instruction:
I guess I wasn't too clear the last time around. In an abundance of caution, I'm going to read you the entire jury instructions again. I just want you to know that as to question 6, you have to write a number that's realistic in light of the other matters that you found in the trial, because the $1 figure isn't realistic. So let me just read all the instructions again.
Thereafter, the jury returned its third and final verdict with an additional award of $4,159.30 for past noneconomic damages and $2,079.65 for future noneconomic damages. Plaintiff's motion for additur and motion for new trial on the issue of damages were denied and the court entered a final judgment in the amount of damages awarded by the third verdict.
Because the parties requested it, we find no error in the trial court's submission of the case to the jury a second time to reconsider their verdict with reference to past and future noneconomic damages. The trial court erred, however, in requiring the jury to deliberate a third time after their second verdict awarded Plaintiff the sum of $1.00 for past and $1.00 for future noneconomic damages.
Although Plaintiff's counsel referred to the jury's three verdicts as inconsistent and inadequate, it cannot be said that the verdicts were inconsistent. The distinction between an inconsistent and inadequate verdict is important because a party is obligated to object to an inconsistent verdict prior to discharge of the jury, but may challenge an inadequate verdict by post-trial motion. Higbee v. Dorigo, 66 So.2d 684 (Fla. 1953); Nix v. Summitt, 52 So.2d 419 (Fla. 1951); Simpson v. Stone, 662 So.2d 959 (Fla. 5th DCA 1995); Cowart v. Kendall United Methodist Church, 476 So.2d 289 (Fla. 3d DCA 1985). A verdict is not necessarily inconsistent because it fails to award enough money, or perhaps no money at all, for future noneconomic damages after awarding past and future medical expenses and past lost earnings. Under such circumstances, the issue is the adequacy of the award, not its consistency with any other award by the verdict. Once the jury returned their second ($1.00) verdict, any issue regarding the adequacy of the verdict should have been addressed during a motion for additur or a motion for a new trial. See Howard v. Perez, 707 So.2d 845, 847 (Fla. 2d DCA 1998) (a trial judge has the discretion to determine whether a particular verdict is inconsistent or inadequate); Manasse ("The judicial determination on a motion for a new trial is a discretionary act of the trial court.").
Accordingly, based on the foregoing, we reverse the trial court's denial of a new trial and remand for a new trial on the issues of all damages.
REVERSED AND REMANDED.
KLEIN and TAYLOR, JJ., concur.