731 So.2d 708 (1999)
DOLPHIN CRUISE LINE, INC., and Ulysses Cruises, Inc., Appellants,
v.
Stylianos STASSINOPOULOS, Appellee.
Nos. 97-1542, 97-1009.
District Court of Appeal of Florida, Third District.
February 10, 1999.
Rehearing Denied April 7, 1999.
*709 Rumberger, Kirk & Caldwell, and Joshua D. Lerner, and Constantinos I. Miskis, Miami, for appellants.
Rivkind & Pedraza, P.A., Miami, Cooper & Wolfe, P.A., and Sharon L. Wolfe, and Barbara A. Silverman, Miami, for appellee.
Before NESBITT, GREEN and FLETCHER, JJ.
PER CURIAM.
Dolphin Cruise Line, Inc. and Ulysses Cruises, Inc. (collectively "Dolphin") appeal a final judgment entered on a jury verdict in a Jones Act and unseaworthiness action in favor of Stylianos Stassinopoulos, plaintiff below. Stassinopoulos cross appeals the lower court's denial of his post trial motion for additur or new trial on the issue of non-economic damages. We affirm on the main appeal, but reverse on the cross appeal.
Stassinopoulos was a crew member on one of Dolphin's cruise ships. On December 6, 1993, he slipped and fell while descending a flight of stairs on the ship. He sustained injuries to one of his knees. As a result of his injuries, Stassinopoulos sued Dolphin under the Jones Act, 46 U.S.C.App. § 688 alleging, among other things, that the ship was unseaworthy at the time of his accident. He retained Captain Robert F. Barber as his marine safety expert to testify about Dolphin's failure to provide him with a safe work place and the ship's unseaworthiness due to, in part, the condition of the stairwell where he fell.
This case proceeded to a jury trial. The jury returned its verdict in favor of Stassinopoulos on his Jones Act negligence and unseaworthiness claims. The jury found Dolphin seventy-two percent (72%) negligent and Stassinopoulos twenty-eight percent (28%) comparatively negligent. It awarded Stassinopoulos $32,485 for past lost earnings and medical expenses and $521,000 for future lost earnings and medical expenses. The jury, however, awarded zero damages for past and future pain and suffering. Accordingly, the lower court entered final judgment in the amount of $398,509.20 and awarded $6,044.52 as costs. The court denied Dolphin's post trial motions as well as Stassinopoulos' post trial motion for additur or new trial based upon the jury's failure to award any past or future non-economic damages. This appeal and cross appeal followed.
On the main appeal, Dolphin first contends that the trial court abused its discretion when it failed to strike Captain Barber's expert testimony at trial or grant Dolphin a continuance where Captain Barber opined, a day before the start of the trial, that changes had been made to the stairs after Stassinopoulos' accident, which had gone undetected on his previous inspections of the stairway. Dolphin claims that Captain Barber essentially altered his earlier expert opinion on the eve of trial much to its surprise and prejudice and that the lower court's failure to either exclude this witness or grant Dolphin a continuance to retain an expert to rebut this testimony constituted an abuse of discretion. See Kloster Cruise Ltd. v. Segui, 679 So.2d 10, 12 (Fla. 3d DCA 1996); Carnival *710 Cruise Lines, Inc. v. Nunez, 646 So.2d 831, 833 (Fla. 3d DCA 1994); Buckley Towers Condominium, Inc. v. Buchwald, 340 So.2d 1206, 1208 (Fla. 3d DCA 1976). We find no merit to this argument. On the record before us, we do not believe that Dolphin can claim surprise and prejudice where the condition of the stairs at the time of the accident was always at issue throughout this litigation. More importantly, the subject stairwell was Dolphin's property and continuously subject to Dolphin's exclusive control. As such Dolphin was in the unique position of having first hand knowledge through its employees and maintenance records of whether this stairwell had been altered throughout the course of this lawsuit. Contrary to Dolphin's assertion, it had no need of expert testimony on the issue of whether it had altered its property. Dolphin's representative testified at trial the stairway had not been altered but the jury obviously disbelieved this testimony.
We similarly find no merit to Dolphin's remaining argument on the main appeal that the trial court abused its discretion when it excluded evidence of a fight between Stassinopoulos and his wife, also a crew member, as the reason for Stassinopoulos' termination from the cruise line. Although Dolphin was permitted to inform the jury of Stassinopoulos' termination, it apparently sought to introduce the underlying specifics of the termination to rebut Stassinopoulos' claim for future lost wages in the maritime industry. The trial court found, however, the prejudice of such evidence to be substantially outweighed by its probative value. We cannot find this ruling to be an abuse of discretion. See § 90.403, Fla. Stat. (1995); Loper v. Allstate Ins. Co., 616 So.2d 1055, 1058 (Fla. 1st DCA 1993); Morowitz v. Vistaview Apartments, Ltd., 613 So.2d 493, 494 (Fla. 3d DCA 1993); Parkansky v. Old Key Largo, Inc., 546 So.2d 1143, 1145 (Fla. 3d DCA 1989).
Turning now to the cross appeal, Stassinopoulos urges that the trial court's denial of his motion for additur or new trial on the issue of non-economic damages was an abuse of discretion in light of the jury's award of past and future lost earnings and medical expenses and in light of the undisputed evidence of his past surgery and pain, the permanent injury to his knee and the need for future surgery and painful rehabilitation. Stassinopoulos argues, and we agree, that the verdict in this regard is inadequate and unreasonable as a matter of law.
A motion for a new trial is directed to the sound discretion of the trial court and a presumption exists that the trial court exercised its discretion properly in this regard. See Allstate Ins. Co. v. Manasse, 707 So.2d 1110, 1111 (Fla.1998). In Manasse, the supreme court concluded that an appellate court should apply the test of reasonableness in its determination of whether a trial court abused its discretion, to wit, "`discretion is abused only where no reasonable [person] would take the view adopted by the trial court.'" Id. (citing Huff v. State, 569 So.2d 1247, 1249 (Fla.1990)); Ramey v. Winn Dixie Montgomery, Inc., 710 So.2d 191, 192 (Fla. 1st DCA 1998). Generally, where as heard, the evidence is undisputed or substantially undisputed that a plaintiff has experienced and will experience pain and suffering as a result of an accident, a zero award for pain and suffering is inadequate as a matter of law. See id. at 193; see also Gaines v. Amerisure Ins. Co., 701 So.2d 1192, 1193 (Fla. 3d DCA 1997); Ochlockonee Banks Restaurant, Inc. v. Colvin, 700 So.2d 1229, 1230 (Fla. 1st DCA 1997); Een v. Rice, 637 So.2d 331, 332-33 (Fla. 2d DCA 1994); Daigneault v. Gache, 624 So.2d 818, 820 (Fla. 4th DCA 1993); Harrison v. Housing Resources Management, Inc., 588 So.2d 64, 66-67 (Fla. 1st DCA 1991); Smith v. Turner, 585 So.2d 395, 396 (Fla. 5th DCA 1991); Thornburg v. Pursell, 446 So.2d 713, 714 (Fla. 2d DCA 1984); but see Allstate Indem. Co. v. Clark, 23 Fla. L. Weekly D2051, D2052, ___ So.2d ___, 1998 WL 558733 (Fla. 2d DCA Sept. 4, *711 1998) (holding "a verdict which fails to award pain and suffering damages, despite awarding medical expenses for injuries arising out of an accident, is neither inconsistent nor inadequate unless the evidence of intangible damages is entirely uncontroverted.") (emphasis added). Accordingly, under these circumstances we find the trial court's denial of a motion for additur or new trial on such damages to be unreasonable and an abuse of discretion. Accordingly, we remand for a new trial solely on the issue of past and future non-economic damages. If, however, the same trial judge who presided at the trial below is available, that judge may entertain a motion for additur, as an alternative approach to satisfying the award of a new trial. See Gaines, 701 So.2d at 1193.
Based upon the foregoing, we affirm the main appeal and reverse and remand the cross appeal.