PER CURIAM.
DiMare, Inc. and Anthony DiMare appeal an order granting a new trial in a personal injury case. The jury found that plaintiff Bob Robertson had not suffered a permanent injury, and did not award any noneconomic damages or damages on *1194 Mary Jo Robertson’s claim for loss of consortium. The trial court ruled that the verdict was against the manifest weight of the evidence. We perceive no abuse of discretion and affirm. See Brown v. Estate of Stuckey, 749 So.2d 490 (Fla.1999).
Defendants-appellants DiMare, Inc. and Anthony DiMare argue that the order is erroneous because at one point it refers to the jury verdict as being inconsistent, yet there was no objection to the verdict as being inconsistent before the jury was discharged. Defendants say that any objection to the verdict on grounds of inconsistency was waived.
We reject defendants’ argument on this point. The trial court used the term “inconsistent” in a colloquial sense, saying it was inconsistent for the jury to award $14,000 for past medical expenses, but nothing for past pain and suffering. In a technical sense, the court was describing an inadequate verdict. See Dolphin Cruise Line, Inc. v. Stassinopoulos, 731 So.2d 708, 710 (Fla. 3d DCA 1999). There is no requirement to object to a verdict as being inadequate prior to the discharge of the jury. In any event, by its express terms and in substance, the new trial order is based on the court’s conclusion that the verdict was against the manifest weight of the evidence, and we see no basis on which to disturb the new trial order.
Defendants also complain that in the course of its order, the court said that it anticipates at the new trial granting a directed verdict in favor of plaintiffs on the existence of a permanent injury. Defendants ask us to rule at this time on whether a directed verdict for plaintiffs would be proper at the second trial, assuming the evidence at the second trial is the same as the first trial. We agree with plaintiffs that this issue is not ripe. We decline to address events which may or may not occur at the retrial of this case.
Affirmed.