967 So.2d 1088 (2007)
Lloyd ELLENDER, Appellant,
v.
Theodore M. BRICKER, Appellee.
No. 2D06-4666.
District Court of Appeal of Florida, Second District.
November 14, 2007.
*1089 Roy D. Wasson of Wasson & Associates, Chartered, Miami, and Frank D. Butler of Frank D. Butler, P.A., Pinellas Park, for Appellant.
*1090 Charles W. Hall and Mark D. Tinker of Fowler White Boggs Banker P.A., St. Petersburg, for Appellee.
CANADY, Judge.
Lloyd Ellender, the plaintiff in a personal injury action arising from a motor vehicle accident, appeals a final judgment based on a jury verdict against defendant Theodore M. Bricker which awarded past and future economic damages to Ellender. We affirm without comment the circuit court's denial of Ellender's motion for additur or new trial on the issue of economic damages, but we reverse and remand for further proceedings on noneconomic damages.

I. Background

Ellender sued Bricker, claiming that Bricker's negligent operation of his motor vehicle on Interstate 75 caused the accident which resulted in Ellender's injuries.[1] The jury found Bricker negligent and determined that his negligence was the legal cause of injury to Ellender. Ellender asked the jury to award him $44,543.24 in past medical expenses and $52,000 in future medical expenses, but the jury awarded $22,271.62 in past medical expenses and $26,000 in future medical expenses. Ellender asked the jury to award $54,000 for past pain and suffering and $130,000 for future pain and suffering. The jury awarded zero damages for past and future pain and suffering.
After the jury was discharged, Ellender's counsel stated:
[W]e feel like we have an inconsistent verdict. There was permanency found, liability found, but no pain and suffering in the past or in the future here. I mean, obviously, we're going to move for new trial on this or something.
Would the Court like us to do that by written motion?
The court answered:
We have let the jury go regarding the issue of inconsistent verdict, so the jury's already left on that issue. So I'm going to deny that issue. If you wish to file motions at the appropriate time, obviously you can do so.
Ellender filed a motion for additur or, in the alternative, for new trial on damages pursuant to section 768.043, Florida Statutes (2003). He argued that the jury's award of damages was "clearly inadequate in light of all of the evidence at trial." The circuit court denied Ellender's motion and entered judgment in favor of Ellender consistent with the jury's verdict.

II. Issues on Appeal

On appeal, Ellender first argues that the circuit court erred in denying his motion for additur or new trial on the issue of past noneconomic damages because there was undisputed evidence that he suffered pain from the injury and resulting necessary treatments. He claims that the amount awarded for past medical expenses required the jury to award some noneconomic damages. Bricker responds that Ellender did not preserve the issue for appeal because he did not object to the inconsistent verdicts before the jury was discharged. Ellender replies that the jury's verdict was inadequate, not inconsistent, and that his motion for additur or new trial was sufficient to preserve the issue.
Ellender also claims that the undisputed evidence that his injuries will cause him pain and suffering in the future required an award of future noneconomic damages. He argues that such undisputed evidence concerning future pain and suffering *1091 makes this case distinguishable from other cases approving zero awards for future noneconomic damages. Bricker asserts that the evidence showed that Ellender's pain is caused by his preexisting back injury and his history of migraine headaches and that his future medication and treatments would obviate any future pain.

III. Preservation

A party may raise the issue of an inadequate verdict for the first time in a posttrial motion for additur or new trial. Cocca v. Smith, 821 So.2d 328, 330 (Fla. 2d DCA 2002). However, "[t]o preserve the issue of an inconsistent verdict, the party claiming inconsistency must raise the issue before the jury is discharged and ask the trial court to reinstruct the jury and send it back for further deliberations." Id. Based on the pertinent case law, we conclude that Ellender's argument constitutes a claim that the verdict was inadequate and that the issue therefore was properly preserved by his posttrial motion.
In Cowen v. Thornton, 621 So.2d 684, 686 (Fla. 2d DCA 1993), the jury found the defendant 25 percent liable but awarded zero damages, even though the defendant did not contest the plaintiff's evidence regarding the amount of damages he suffered. The plaintiff filed a motion for additur and for new trial, which was denied by the trial court. On appeal, the defendant argued that the plaintiff failed to preserve the error because he did not bring the inconsistent verdict to the trial court's attention before the jury was discharged. This court rejected the defendant's argument and treated the claim as one of an inadequate verdict. Id. at 687.
In Avakian v. Burger King Corp., 719 So.2d 342, 344 (Fla. 4th DCA 1998), the court held that "[a] verdict is not necessarily inconsistent because it fails to award enough money, or perhaps no money at all, for future noneconomic damages after awarding past and future medical expenses and past lost earnings." The plaintiff had challenged the jury verdict, which awarded past and future medical expenses and past lost earnings but did not award future lost earnings or any noneconomic damages. Id. at 343. "Under such circumstances, the issue is the adequacy of the award, not its consistency with any other award by the verdict." Id. at 344.
In Deklyen v. Truckers World, Inc., 867 So.2d 1264, 1266 (Fla. 5th DCA 2004), the court considered whether a zero jury award for noneconomic damages was an inconsistent verdict or an inadequate verdict when the jury awarded substantial past and future economic damages. Applying Avakian, the court stated: "[W]e see no inconsistency in the verdict. The jury made no finding of fact that was inconsistent with any other finding it made." Deklyen, 867 So.2d at 1266. The court characterized the plaintiff's challenge of the verdict as one of an inadequate verdict that could be raised in a posttrial motion for new trial. Id.
In this case, Ellender's claim is one of an inadequate verdict because the thrust of his argument is that the zero award for past and future noneconomic damages is inadequate in light of the evidence presented at trial. Ellender filed a proper motion for additur or new trial raising the issue of inadequacy, and the fact that Ellender's counsel referred to the verdict as inconsistent after the jury was discharged has no bearing on the issue. See DiMare, Inc. v. Robertson, 758 So.2d 1193, 1194 (Fla. 3d DCA 2000) (noting that although the trial court referred to verdict as inconsistent in a colloquial sense, it was technically describing an inadequate verdict); Avakian, 719 So.2d at 344 ("Although Plaintiff's counsel referred to the jury's three verdicts as inconsistent and inadequate, it cannot be said that the verdicts were inconsistent.").

*1092 IV. Past Noneconomic Damages

In considering the merits of Ellender's claims, we review the circuit court's denial of his motion for additur or new trial under an abuse of discretion standard. See Allstate Ins. Co. v. Manasse, 707 So.2d 1110, 1111 (Fla.1998).
Ellender's claim that the jury's verdict was inadequate is governed by section 768.043, which provides:
(2) In determining whether an award is clearly excessive or inadequate in light of the facts and circumstances presented to the trier of fact and in determining the amount, if any, that such award exceeds a reasonable range of damages or is inadequate, the court shall consider the following criteria:
(a) Whether the amount awarded is indicative of prejudice, passion, or corruption on the part of the trier of fact.
(b) Whether it clearly appears that the trier of fact ignored the evidence in reaching the verdict or misconceived the merits of the case relating to the amounts of damages recoverable.
(c) Whether the trier of fact took improper elements of damages into account or arrived at the amount of damages by speculation or conjecture.
(d) Whether the amount awarded bears a reasonable relation to the amount of damages proved and the injury suffered.
(e) Whether the amount awarded is supported by the evidence and is such that it could be adduced in a logical manner by reasonable persons.
Here, Ellender presented evidence, through the testimony of two doctors, that he suffered pain from the injury caused by the accident. Dr. Wassel, an orthopedic physician, testified that Ellender suffered permanent lower back and neck injuries as a result of the accident. Dr. Hossain, a physician specializing in pain management and anesthesiology, testified that Ellender suffered neck and shoulder pain, headaches, and lower back pain. Dr. Hossain testified that Ellender's "[n]eck was his major problem." Ellender himself testified that he mostly suffers from back pain but that his neck will occasionally hurt him, causing headaches.
While evidence was presented by Bricker that Ellender had suffered a prior lower back injury that could have contributed to his present pain, Ellender did not have any preexisting neck problems and the undisputed testimony established that after this accident, he suffered pain in his neck, requiring treatment and pain management.
Bricker also presented the testimony of Dr. Fishalow who testified that Ellender's injuries were permanent and that he believed Ellender's complaints of pain. Dr. Fishalow testified that Ellender suffered a neck injury and pain caused by the accident. "I felt that he has continued neck problems, and there was noagain, in this case, there really was no indication that he had had them before, so I would have to relate them to this [i.e., the automobile accident with Bricker]."
There are at least three criteria under section 768.043 that indicate that the jury verdict for past noneconomic damages is inadequate. First, the jury clearly ignored this evidence or misconceived the merits of the case relating to the amount of past noneconomic damages recoverable. See § 768.043(2)(b). Second, the award of zero damages for past pain and suffering does not bear a reasonable relation to the amount of damages proven and the injury suffered. See § 768.043(2)(d). And third, the zero damages award for past pain and suffering is not supported by the evidence. See § 768.043(2)(e).
"[A]n award of economic damages, including future damages, does not, as a matter of law, require an award of *1093 noneconomic damages." Deklyen, 867 So.2d at 1267. But where "the evidence is undisputed or substantially undisputed that a plaintiff has experienced and will experience pain and suffering as a result of an accident, a zero award for pain and suffering is inadequate as a matter of law." Dolphin Cruise Line, Inc. v. Stassinopoulos, 731 So.2d 708, 710 (Fla. 3d DCA 1999) (holding that trial court erred in denying motion for additur or new trial on issue of zero noneconomic damages when jury awarded damages for past and future economic damages). In Deklyen, the court held that
where, as here, a jury awards the plaintiff past and future economic damages . . . and zero damages for either past or future pain and suffering "despite indisputable evidence that the plaintiff suffered at least some pain from her injury, and uncontroverted evidence that the pain continued and would continue well after the injury, the damage award is grossly inadequate, and a new trial on the issue of damages is required."
867 So.2d at 1268 (quoting Stevens v. Mount Vernon Fire Ins. Co., 395 So.2d 1206, 1207 (Fla. 3d DCA 1981)). "Since the jury found that [Ellender] suffered injuries that required treatment by medical care providers as evidenced by the award of past medical costs, the jury's failure to award even nominal past noneconomic damages was not supported by the weight of the evidence and must be reversed." Allstate Ins. Co. v. Campbell, 842 So.2d 1031, 1034-35 (Fla. 2d DCA 2003).

V. Future Noneconomic Damages

Zero awards for future nonecomomic damages are warranted when the defendant has presented evidence disputing such damages or when future noneconomic damages are uncertain or speculative. In Manasse, 707 So.2d at 1111-12, the court noted that
"[f]uture damages are, by nature, less certain than past damages. A jury knows for a fact that a plaintiff has incurred past medical expenses, and, when it finds those expenses to have been caused by the accident, there is generally something wrong when it awards nothing for past pain and suffering. The need for future medical expenses is often in dispute, however, as it was here. It does not necessarily therefore follow . . . that an award of future medical expenses requires an award of noneconomic damages."
(quoting Allstate Ins. Co. v. Manasse, 681 So.2d 779, 784-85 (Fla. 4th DCA 1996) (Klein, J., dissenting)); see also Campbell, 842 So.2d at 1035 ("[A]s in Manasse, the need for future economic damages was disputed and the jury awarded only minimal future economic damages. Therefore, the jury's failure to award future noneconomic damages was supported by the evidence. . . ."); Dyes v. Spick, 606 So.2d 700, 704 (Fla. 1st DCA 1992) ("Due to the somewhat speculative nature of what may occur in the future, it is perhaps not unwise to afford great latitude to the jury in its determinations as to [future] damages.").
On the other hand, awards of zero damages for future noneconomic damages are unreasonable when there is undisputed evidence of permanent injury and a need for treatment in the future. See Garrett v. Miami Transfer Co., 964 So.2d 286, 291 (Fla. 4th DCA 2007) (holding that the "jury's failure to award future non-economic damages was unreasonable" where the jury awarded a significant amount for future medical expenses and where the evidence was undisputed that the accident caused plaintiff's injuries and that he would need future treatment, "indicating future pain"); Ramey v. Winn Dixie Montgomery, Inc., 710 So.2d 191, 194 (Fla. *1094 1st DCA 1998) ("Our review of the record as a whole demonstrates the zero damages award for future medical expenses and for future pain and suffering is not reasonable in light of the undisputed evidence of permanent injury; continuing, and perhaps, increasing pain; and a continuing need for treatment."); see also Deklyen, 867 So.2d at 1268; Dolphin, 731 So.2d at 710.
Here, Ellender had preexisting conditionsa lower back injury and a history of migraine headachesthat might have contributed to his injuries and pain. The jury did not award the full amount of future medical expenses (or past medical expenses) that Ellender requested, indicating that the jury did not believe that all of Ellender's necessary medical treatment was caused by the accident. But in making the award for future medical expenses, the jury essentially found that half of Ellender's claimed future medical expenses are related to the accident.
The testimony at trial showed beyond dispute that Ellender suffered permanent injuries due to the accident and that he would require some future medical treatment for those injuries. Dr. Wassel testified that Ellender suffered permanent lower back and neck injuries as a result of the accident and that he would require treatment in the future for "flare-up[s]" and "exacerbation," including "pain management." Dr. Hossain testified that Ellender suffered neck and shoulder pain, headaches, and lower back pain. Dr. Hossain testified that Ellender's "[n]eck was his major problem." Dr. Hossain's testimony as to Ellender's future medical expenses suggested that Ellender will continue to suffer pain in the future, requiring medical treatment. Ellender himself testified that he mostly suffers from back pain but that his neck will occasionally hurt him, causing headaches. In addition, Ellender did not have any preexisting neck problems, and the testimony established that after this accident, he suffered pain in his neck, requiring treatment and pain management.
The evidence regarding Ellender's lower back and neck pain and headaches was undisputed by Bricker. Dr. Fishalow one of Bricker's expertstestified that Ellender will suffer "permanent symptoms and complaints" regarding his neck.
In light of the above evidence regarding the probability of Ellender's future pain and the jury's award of future medical expenses, the jury should have awarded Ellender some future noneconomic damages. See Dolphin, 731 So.2d at 710-11 (reversing zero award for noneconomic damages and remanding for additur or new trial on past and future noneconomic damages where the evidence was undisputed that the plaintiff experienced and will experience pain and suffering as a result of the accident).

VI. Conclusion

We reverse the circuit court's final judgment and remand for further proceedings on Ellender's motion for additur or new trial consistent with this opinion. See § 768.043(1) ("If the party adversely affected by such . . . additur does not agree, the court shall order a new trial in the cause on the issue of damages only."); Truelove v. Blount, 954 So.2d 1284, 1289-90 (Fla. 2d DCA 2007).
Reversed and remanded.
VILLANTI, J., and LEVY, DAVID L., Associate Senior Judge, Concur.
NOTES
[1] Ellender's wife was also a plaintiff in the action, but she did not appeal the circuit court's final judgment.