NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JAGDEO SUKRAJ,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　Appellant,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　　　)　　Case No. 2D17-159
　　　　　　　　　　　　　　　　　　　　)
CHEAR PHOEUNG and JIMMY　　　　　　)
PHOEUNG,　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　Appellees.　　　　　　　　　)
_____)

Opinion filed February 14, 2018.

Appeal from the Circuit Court for Pinellas
County; Cynthia Newton, Judge.

Robert J. Healy Jr., of Salter, Healy, Bassett
& Rivera, St. Petersburg, for Appellant.

Michael C. Clarke and Betsy E. Gallagher of
Kubicki Draper, P.A., Tampa, for Appellees.

CATLIN, CATHERINE M., Associate Judge.

　　　　　　Jagdeo Sukraj appeals the denial of his posttrial motion for additur or new

trial. We reverse the portion of the order denying Sukraj's motion as to past

noneconomic damages but affirm in all other respects.

　　　　　　Sukraj sued Chear and Jimmy Phoeung seeking past and future medical

expenses and noneconomic damages after a car accident. The jury awarded him

$53,431.16 in past medical expenses and $50,000 in future medical expenses but awarded him nothing for past or future noneconomic damages. In his motion and on appeal, Sukraj argued that the jury verdict was inadequate and against the manifest weight of the evidence because he offered unrebutted evidence at trial that he had suffered a permanent, painful injury to his shoulder, neck, and back.

This court reviews the denial of a motion for new trial or additur for an abuse of discretion. Campbell v. Griffith, 971 So. 2d 232, 235 (Fla. 2d DCA 2008). And "where there is conflicting evidence, the weight to be given that evidence is within the province of the jury." Id. (citing K-Mart Corp. v. Collins, 707 So. 2d 753, 755 (Fla. 2d DCA 1998)). At trial, the evidence that Sukraj had suffered past pain and suffering in his shoulder as a result of the accident was undisputed. Therefore, the verdict awarding him nothing for past noneconomic damages for his shoulder is inadequate, and we reverse the portion of the order on appeal that denies Sukraj's motion seeking additur on that basis. See Ellender v. Bricker, 967 So. 2d 1088, 1093 (Fla. 2d DCA 2007) ("[W]here 'the evidence is undisputed or substantially undisputed that a plaintiff has experienced and will experience pain and suffering as a result of an accident, a zero award for pain and suffering is inadequate as a matter of law.' " (quoting Dolphin Cruise Line, Inc. v. Stassinopoulos, 731 So. 2d 708, 710 (Fla. 3d DCA 1999))); see also § 768.043(2), Fla. Stat. (2016).

However, because the evidence that Sukraj had suffered past pain and suffering for the injuries to his neck and back and would experience future pain and suffering as a result of the accident was disputed at trial, we affirm the trial court's denial

2

of Sukraj's motion on that basis.  On remand, additur should be limited to Sukraj's past pain and suffering for his shoulder injury.

Affirmed in part; reversed in part; remanded with instructions.


KELLY and LUCAS, JJ., Concur.