# Third District Court of Appeal

## State of Florida

Opinion filed April 25, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-407
Lower Tribunal No. 12-8626
_____

**Valerie Francis-Harbin, etc.,**
Appellant,

vs.

**Sensormatic Electronics, LLC, etc., et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Monica Gordo, Judge.

Arthur J. Morburger, for appellant.

Perez & Rodriguez, P.A., and Javier J. Rodriguez, for appellees.

Before EMAS, FERNANDEZ and LUCK, JJ.

EMAS, J.

**INTRODUCTION**

Valerie Francis-Harbin, plaintiff below, appeals 1) the trial court's final judgment following a jury trial on her negligence claim; and 2) the trial court's postjudgment order denying her motion for new trial or for additur. We affirm, because the jury's verdict is not legally inconsistent, and Francis-Harbin has failed to provide this court with a sufficient record upon which this court can properly review her claim that the verdict is inadequate or contrary to the manifest weight of the evidence.

**FACTS AND BACKGROUND**

Francis-Harbin was shopping at a Walmart store when a scissor lift truck struck her left foot, causing injury. Francis-Harbin filed suit against Walmart, AGM Tech, Inc., Sensormatic Electronics, LLC, and ADT Security Services, Inc., alleging that an employee of Walmart, or alternatively, an employee of AGM Tech (as an authorized agent of Sensormatic Electronics/ADT Security) (collectively, Sensormatic), negligently operated the machine causing her injury. Defendants denied liability and asserted that Francis-Harbin was negligent.

The case proceeded to jury trial, resulting in a verdict that found Walmart 65% at fault, Francis-Harbin 20% at fault, and Sensormatic/ADT and AGM Tech 15% at fault.[1] The jury awarded Francis-Harbin $14,000 in past medical expenses

---

[1] Although Walmart was on the verdict form as a <u>Fabre</u> defendant, <u>see</u> <u>Fabre v. Marin</u>, 623 So. 2d 1182 (Fla. 1993), Francis-Harbin dismissed Walmart as a party

and $96,000 for lost earnings, an amount totaling $110,000. The jury awarded Francis-Harbin no damages for past pain and suffering, future pain and suffering, future medical expenses and future lost earnings. When the verdict was announced, and before the jury was discharged, Francis-Harbin objected to the verdict as legally inconsistent. The trial court denied the request that the jury be reinstructed and directed to continue deliberations.

Francis-Harbin thereafter filed a motion for new trial or in the alternative, for additur, asserting that the verdict awarding no damages for past or future pain and suffering was legally inconsistent with the award of $14,000 for past medical expenses. Francis-Harbin further contended she was entitled to a new trial or to an additur because the jury's award of no damages for past pain and suffering was inadequate in light of the evidence.

In response, Sensormatic argued, *inter alia*, that defendants disputed at trial (1) whether an accident ever happened; (2) whether Francis-Harbin was injured as a result of the alleged accident or event; and (3) whether Francis-Harbin's physical and mental complaints were a result of the alleged accident or instead the result of pre-existing conditions or post-accident events (e.g., diabetes, morbid obesity, a subsequent car accident).

---

defendant prior to trial. Additionally, Francis-Harbin's husband, Neville Lee, was originally a party plaintiff to the action (asserting a claim for loss of consortium), but voluntarily dismissed his claim prior to trial.

The trial court denied Francis-Harbin's motion for new trial or additur and entered final judgment awarding Francis-Harbin $16,500.[2] This appeal follows.

**ANALYSIS**

In <u>Allstate Ins. Co. v. Manasse</u>, 707 So. 2d 1110, 1111 (Fla. 1998), the Florida Supreme Court recognized that appellate courts have long applied an abuse of discretion standard when reviewing a trial court's ruling on a motion for new trial:

> The judicial determination on a motion for a new trial is a discretionary act of the trial court:
>
> > "When a motion for new trial is made it is directed to the sound, broad discretion of the trial judge, who because of his contact with the trial and his observation of the behavior of those upon whose testimony the finding of fact must be based is better positioned than any other one person fully to comprehend the processes by which the ultimate decision of the triers of fact, the jurors, is reached." <u>Cloud v. Fallis</u>, 110 So. 2d 669, 673 (Fla.1959).

Francis-Harbin's principal contention is that the verdict is legally inconsistent because it awarded damages for past medical expenses while awarding no damages for past or future pain and suffering. Alternatively, Francis-Harbin argues that the verdict was inadequate or was contrary to the manifest weight of

---

[2] The final judgment amount of $16,500 was based upon the total award ($110,000) multiplied by the percentage of negligence attributed by the jury to Sensormatic (15%).

4

the evidence, requiring additur or a new trial on damages. We find neither of Francis-Harbin's arguments persuasive or supported by the record.

### The Verdict is Not Legally Inconsistent

We first dispense with Harbin's claim that the verdict was legally inconsistent. A legally inconsistent verdict is one which contains two or more findings which, as a matter of law, cannot co-exist. See, e.g., Avakian v. Burger King Corp., 719 So. 2d 342 (Fla. 4th DCA 1998); Deklyen v. Truckers World, Inc., 867 So. 2d 1264 (Fla. 5th DCA 2004). Perhaps the simplest example of a legally inconsistent verdict occurs where a jury in a negligence case answers "No" to the first question on the verdict form: "Was there negligence on the part of defendant which was a legal cause of damage to plaintiff?" but nevertheless completes the remainder of the verdict form and awards damages to the plaintiff.

Regardless of the nature, quality or weight of the evidence presented at trial, the determinations in the example above cannot co-exist. Because only the empaneled jury can correct such a verdict, a party wishing to contest a legally inconsistent verdict must raise the issue with the trial court before the jury is discharged, and the failure to do so results in a waiver. Coba v. Tricam Indus., Inc., 164 So. 3d 637 (Fla. 2015); J.T.A. Factors, Inc. v. Philcon Svcs., Inc., 820 So. 2d 367 (Fla. 3d DCA 2002).[3] Where the issue has been timely raised, the jury

---

[3] By contrast, a party objecting to a verdict as "inadequate" may preserve the issue by filing a post-trial motion for new trial, rather than making a contemporaneous

(following appropriate reinstruction by the trial court) resumes its deliberations to return a legally consistent verdict.

Frances-Harbin asserts that the verdict in this case is "legally inconsistent" because it awarded damages for past medical expenses while awarding no damages for past or future pain and suffering. However, such a verdict is not inconsistent as a matter of law. Instead its "validity"—or more accurately, its adequacy—is dependent on the nature, quality and weight of the evidence presented at trial. A jury may return such a verdict if the testimony and other evidence presented at trial could support such a determination by the jury.[4] In fact, this court and others have

objection upon the return of the verdict and prior to discharge of the jury. Ellender v. Bricker, 967 So. 2d 1088 (Fla. 2d DCA 2007); Progressive Select Ins. Co., Inc. v. Lorenzo, 49 So. 3d 272 (Fla. 4th DCA 2010).

[4] Frances-Harbin asserts that our decision in Pickel v. Rosen, 214 So. 2d 730 (Fla. 3d DCA 1968) compels the conclusion that the verdict is legally inconsistent. We do not agree. In Pickel, the court reversed for a new trial on damages under the following circumstances: the "uncontradicted evidence" established that plaintiff suffered a compensable injury; the "uncontroverted evidence" established that, as a result, plaintiff experienced pain and suffering; the jury awarded medical expenses in the exact amount sought by plaintiff, while awarding zero damages for pain and suffering. Id. at 731. While the opinion does say that "[u]nder the circumstances, the award of zero dollars was inconsistent with the award of the exact medical expenses to the plaintiff," id., the opinion also describes the verdict as "grossly inadequate." Id. A full reading of the opinion indicates that the court's reference to the award as "inconsistent" is more colloquial than anything else. See DiMare v. Robertson, 758 So. 2d 1193 (Fla. 3d DCA 2000). Moreover, nowhere does Pickel conclude that the verdict was legally inconsistent. Indeed, the court's holding is premised not upon any legal inconsistency, but upon the grossly inadequate nature of a zero-damages verdict in light of the uncontroverted nature of the evidence establishing the existence of an injury, and resulting pain and suffering, caused by defendant's negligence. Pickel is a prototypical example of an inadequate, rather than a legally inconsistent, verdict.

6

upheld verdicts mirroring the one returned in the instant case. See, e.g., Somoza v. Allstate Indem. Co., 929 So. 2d 702 (Fla. 3d DCA 2006) (holding that a verdict awarding only medical expenses does not require a new trial as a matter of law where there is a dispute as to whether the injuries suffered resulted from the accident); Beauvais v. Edell, 760 So. 2d 262 (Fla. 4th DCA 2000) (holding that, where there is a dispute as to whether the injuries resulted from the subject accident, a motion for new trial or additur, upon a verdict awarding damages for past medical expenses but no damages for past pain and suffering, is left to the broad discretion of the trial court).

In Allstate Indem. Co. v. Clark, 736 So. 2d 1 (Fla. 2d DCA 1998), our sister court upheld a verdict in which the jury awarded damages for past medical expenses, but awarded no damages for future medical expenses, or for past or future pain and suffering. In affirming, the Second District noted:

> Though a jury finds a plaintiff entitled to medical expenses in a given cause, it is free to simultaneously conclude that the plaintiff has suffered no compensable damages for pain and suffering or other intangibles, if there is evidence to support that conclusion. Thus, a verdict which fails to award pain and suffering damages, despite awarding medical expenses for injuries arising out of an accident, is neither inconsistent nor inadequate unless the evidence of intangible damages is entirely uncontroverted.

Id. at 2 (additional citations omitted).

In the instant case, the trial court correctly determined that the jury's verdict was not legally inconsistent.

**The Record Fails to Establish That the Verdict is Inadequate or Contrary to the Manifest Weight of the Evidence**

Alternatively, Frances-Harbin argues that the trial court erred in denying her motion for additur or new trial because the verdict was inadequate or contrary to the manifest weight of the evidence. However, in seeking review of the trial court's denial of a motion for new trial based upon inadequacy of a verdict, or a verdict contrary to the manifest weight of the evidence, appellant has an affirmative duty to provide an adequate record for consideration of these issues. See Fla. R. App. P. 9.200(e); Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150 (Fla. 1979); Seal Products v. Mansfield, 705 So. 2d 973 (Fla. 3d DCA 1998).

The trial court's assessment of whether the verdict is contrary to the manifest weight of all the evidence cannot be made in a vacuum, but must be made upon consideration of the evidence presented at the trial. See, e.g., Smith v. Brown, 525 So. 2d 868, 870 (Fla. 1988) (in deciding to "grant a new trial if the manifest weight of the evidence is contrary to the verdict," the "trial judge must necessarily consider the credibility of the witnesses along with the weight of all of the other evidence.") Similarly, and as discussed earlier, a trial court's assessment of whether an award of no damages for past or future pain and suffering renders the verdict inadequate requires the trial record to evaluate, for example, whether and the extent to which these damages were disputed or undisputed. The record on appeal must be sufficient to permit this court to provide meaningful review

while according the trial court the broad discretion and presumption of correctness that attaches to its determinations.  See Manasse, 707 So. 2d at 1111.

In the instant case, Francis-Harbin failed to provide a record of the trial proceedings, including witness testimony, jury instructions or arguments of counsel.  Instead, she relies solely on the exhibits admitted into evidence during the presentation of her case.  Upon this record we cannot conclude that the trial court abused its discretion in determining that the verdict was neither inadequate nor contrary to the manifest weight of the evidence.

Affirmed.