# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2022-0765
LT Case No. 2018-31851-CICI

_____

ROBERT MCGARY,

    Appellant,

    v.

PACIFICA DAYTONA, LLC f/d/b/a
Perry's Ocean Edge Resort,

    Appellee.

_____

On appeal from the Circuit Court for Volusia County.
Dennis Craig, Judge.

Rob T. Cook and Jonathan J. Luca, of Jonathan J. Luca, P.A., St. Augustine, for Appellant.

Scott A. Cole, Carly M. Weiss, and Lissette Gonzalez, of Cole, Scott & Kissane, P.A., Miami, and Therese A. Savona, of Cole, Scott & Kissane, P.A., Orlando, for Appellee.

August 2, 2024

EDWARDS, C.J.

Appellant, Robert McGary, raises several issues in his appeal, but only one issue merits discussion: the denial of his motion for additur. The jury's verdict awarded him zero damages for pain and suffering despite the fact that he suffered second-degree burns

and blisters to his foot, which injuries were indisputably caused when he put his foot into overheated water in the Jacuzzi tub in his hotel room. Although it is not our place to say how much pain he suffered or for how long, there is no way that a person receives those injuries without experiencing some pain. We reverse and remand for the trial court to reconsider the motion for additur given that Appellant was injured to some extent, incurred medical bills, and experienced some pain as a result of the negligence of Appellee, Pacifica Daytona LLC.

Appellant was scalded by hot water when he was a guest at a hotel operated by Appellee. The evidence was undisputed that he suffered second-degree burns, blisters, and pain to his foot when he was entering the Jacuzzi tub in his room. The hotel staff determined the hot water was being delivered to the tub at a temperature of 160 degrees instead of the usual or intended temperature of 110 degrees. The staff noted that the hot water tanks were set to heat to 140 degrees rather than to 120 degrees. Appellant was the person who manually filled the tub and he was able to adjust the ratio of hot to cold water by the use of rather ordinary water faucet handles. He tested the water with his hand as it was initially running into the tub. However, when the tub was partially filled, he stepped into it with his left foot, got scalded, and fell as he quickly exited the tub.

He sought medical treatment for his foot the next day and on other occasions for the diagnosed second-degree burns. He developed a large blister which had to be drained by health care providers using a needle. Although he testified that he was suffering pain in his foot when he was due to return to work a few days later, he intentionally concealed his injured condition so that he could continue working at the job he held. Appellant had pre-existing injuries to his back, hip, and knee along with a prior neck injury that required surgery. Following his foot injury at the hotel, he was injured in two separate car wrecks which required him to seek medical care.

The case proceeded to a jury trial approximately six-and-one-half-years after his foot was injured. During trial, evidence regarding liability and damages was presented. Appellant sought to recover medical expenses of approximately $25,000, lost wages,

along with pain and suffering. The verdict found Appellant 60% liable and Appellee 40% liable. The jury awarded Appellant $1,857 for past medical expenses and $1,620 for past lost wages. It denied him any recovery for future medical expenses, future lost wages, and for pain and suffering in the past or future. Appellant's motion for additur was denied.

"The trial court's determination regarding additur may be reversed on appeal only where there is a clear abuse of discretion." *Basel v. McFarland & Sons, Inc.*, 815 So. 2d 687, 696 (Fla. 5th DCA 2002) (citing *Arena Parking, Inc. v. Lon Worth Crow Ins.*, 768 So. 2d 1107 (Fla. 3d DCA 2000)). Discretion is abused only when no reasonable judge could adopt the view of the trial court. *Schmidt v. Schmidt*, 373 So. 3d 645, 649 (Fla. 5th DCA 2023) (citing *Canakaris v. Canakaris*, 382 So. 2d 1197, 1203 (Fla. 1980)). Reversals on denial of additur are rare and generally limited to situations where the damages are "so inadequate as to shock the conscience of the court." *Basel*, 815 So. 2d at 697 (citing *Davis v. Caterpillar, Inc.*, 787 So. 2d 894, 899 (Fla. 3d DCA 2001)). This is one of those rare cases.

It is usually difficult to find fault with a jury's decision on pain and suffering damages because "there is no objective standard by which to measure them." *Rozar v. R. J. Reynolds Tobacco Co.*, 292 So. 3d 1202, 1207 (Fla. 1st DCA 2020) (citing *Odom v. R.J. Reynolds Tobacco Co.*, 254 So. 3d 268, 276 (Fla. 2018)). Where the record documents a substantial dispute as to whether noneconomic damages resulted from the accident, a verdict awarding only recovery for medical bills is not categorically inadequate as a matter of law. *Beauvais v. Edell*, 760 So. 2d 262, 264–65 (Fla. 4th DCA 2000).

But, where, as here, the record shows that evidence of pain is undisputed or substantially undisputed, and the trial court denies additur based on a zero-award for pain and suffering, discretion has been abused. *See Dolphin Cruise Line, Inc. v. Stassinopoulos*, 731 So. 2d 708, 710–11 (Fla. 3d DCA 1999). Under such circumstances, the appellate court may remand for a new trial solely on the issue of past pain and suffering damages. In a similar case, this Court granted a new trial on damages because the jury awarded past and future medical damages, but no pain and

3

suffering, "despite indisputable evidence that the plaintiff suffered at least some pain from her injury." *Deklyen v. Truckers World, Inc.*, 867 So. 2d 1264, 1268 (Fla. 5th DCA 2004) (citing *Stevens v. Mount Vernon Fire Ins. Co.*, 395 So. 2d 1206, 1207 (Fla. 3d DCA 1981)). Alternatively, it is appropriate to remand for reconsideration of the additur motion where the same trial judge who presided over the trial below is still available. *Dolphin Cruise Line, Inc.*, 731 So. 2d at 711 (citing *Gaines v. Amerisure Ins. Co.*, 701 So. 2d 1192, 1193 (Fla. 3d DCA 1997)).

Here, the issue of Appellant's future pain and suffering was disputed; thus, he is not entitled to additur or a new trial on future damages. While the severity and duration of his past pain and suffering were disputed, it was undisputed that Appellant had experienced some pain and suffering in the past, as both sides agree that he received second-degree burns to the top of his left foot and that the water was so hot that it blistered his foot.

Where a party is entitled to recover some amount of damages for past pain and suffering, as here, no reasonable judge could deny either granting an additur of a modest amount or granting a new trial limited to past pain and suffering damages. Accordingly, we reverse the order denying Appellant's motion for additur relating to his claim for past pain and suffering, and remand for the trial court, if the same judge who tried the case is available, to reconsider that motion. If the same trial judge is not available, then a new trial limited to Appellant's past pain and suffering for what he experienced when he scalded his foot and for what he experienced close in time to that original injury is appropriate. The balance of the final judgment is affirmed.

Appellee's motion for appellate attorney's fees is provisionally granted on the condition that the trial court, on remand, determines that Appellee is entitled to recovery of attorney's fees, pursuant to its proposal for settlement, following reconsideration of the motion for additur or limited new trial on damages for past pain and suffering.

REVERSED and REMANDED.

SOUD and KILBANE, JJ., concur.

4

———————————————

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

———————————————